UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.

Case No. 1:19-cv-00940

Honorable

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
Email: sdrew@dca-lawyers.com
Email: asturdivant@dca-lawyers.com
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Lori Lynn Heethuis, by and through her attorneys, DREW, COOPER & ANDING, states as follows:

## JURISDICTION

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant County of Muskegon pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1988, and 42 U.S.C. § 1983. The jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §1343; and 28 U.S.C. §1367 (supplemental jurisdiction). This is an action seeking declaratory and injunctive relief and money damages against Defendant County of Muskegon and Defendant Ryan Boike for purposeful discrimination and violations of Plaintiff's civil rights.

2. The unlawful and discriminatory employment practices alleged in this complaint occurred within the Western District of the State of Michigan. Venue is proper therein pursuant to 28 U.S.C. § 1391.

3. The Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue regarding the aforementioned claims (EEOC Charge No. 471-2019-04028). A copy is attached as Exhibit 1. Equitable and other relief are also sought under the aforementioned statutory provisions.

## PARTIES

4. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

5. Plaintiff, Lori Lynn Heethuis, *formerly Lori Lynn Johnson*, (hereinafter "Plaintiff") is a citizen of the United States, a resident of the State of Michigan within the Western District of Michigan, and was at all relevant times an employee of the Defendant County of Muskegon as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and

Muskegon County Jail.

6. Defendant County of Muskegon is a municipal corporation located in the County of Muskegon, State of Michigan, and is a governmental body organized and existing under the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

7. Defendant Ryan Boike is a male citizen of the United States, a resident of the State of Michigan within the Western District of Michigan and was at all relevant times an employee of the Defendant County of Muskegon as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and Muskegon County Jail.

## FACTUAL ALLEGATIONS

8. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

9. Plaintiff was hired by Defendant County of Muskegon on or about April 11, 1998 as a Deputy Corrections Officer for Defendant County of Muskegon's Sheriff's Office.

10. Beginning in 2009, Plaintiff was regularly sexually harassed by co-workers, including management, of Defendant County of Muskegon.

11. The harassment consisted of, but is not limited to:

   a. Sexually inappropriate touching, grabbing, and other physical conduct by male employees of Defendant County of Muskegon, including but not limited to:

      i. grabbing and pushing Plaintiff's head toward his genital area in a sexually suggestive and explicit manner;

      ii. putting his hands under her shirt and fondling her breasts;

      iii. putting his hands in her pants near her genitals;

      iv. attempting to kiss her;

      v.     following her to areas where there were no surveillance cameras and touching her in a sexually inappropriate manner;

      vi.     grabbing Plaintiff's buttocks;

      vii.     grabbing Plaintiff's hips and thrusting against her from behind;

      viii.     making inappropriate sexual comments regarding her body; and,

    b.     Regular and pervasive sexually offensive comments by male employees.

12. Plaintiff complained repeatedly regarding the sexual harassment including but not limited to making complaints to management of the Defendant County of Muskegon's Sheriff's Office beginning in 2009 and continuing through 2014. Plaintiff also complained to Defendant County of Muskegon's Equal Employment Office in 2014.

13. In response to Plaintiff's complaints, in 2009 a male employee in management told her "those things just happen."

14. At least one male management level employee witnessed Plaintiff being subjected to unwelcome sexual touching on multiple occasions but did nothing to stop the conduct.

15. Despite making complaints, the sexual harassment persisted through at least May 2014.

16. No corrective or remedial measures were taken against the harassers.

17. Plaintiff was concerned that because she reported the illegal and offensive behavior, she would be subjected to different treatment because she is a woman and subjected to retaliatory actions.

18. In or around June 2014, Plaintiff began receiving unwarranted discipline.

19. In or around July 2014, Plaintiff received discipline for an incident that occurred in or around April 2014.

20. In or around September 2014, Plaintiff was subjected to unwarranted discipline in the form of an unpaid suspension by a management level employee who was also one of the

   harassers, in retaliation for Plaintiff making complaints of unlawful discrimination and sexual harassment.

21. In further retaliation, other employees of Defendant County of Muskegon failed to respond to Plaintiff's calls for assistance at the Muskegon County Jail during her shifts from time to time.

22. Around October 8, 2014, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2015-00116), which included claims of discrimination, sexual harassment, hostile work environment, and retaliation based on Plaintiff's sex/gender.

23. Around October 19, 2016, Plaintiff Lori Heethuis, a female Deputy Corrections Officer for Muskegon County, testified as a witness in a case filed by the American Civil Liberties Union (ACLU), *Semelbauer, et al. v. Muskegon County, et al.*, a case that involved alleged discriminatory jail conditions for female inmates, and included claims of gender discrimination and claims of male corrections officers violating the constitutional rights of female inmates.

24. In retaliation for making complaints of sexual harassment during her employment, filing a Charge of Discrimination with the EEOC around October 8, 2014, and testifying as a witness around October 19, 2016 in a case filed by the ACLU against the County of Muskegon, Plaintiff was again regularly retaliated against, harassed, and regularly subjected to a hostile work environment, which included being regularly subjected to disciplinary actions and false statements being made against her during her employment at Defendant County of Muskegon.

25. Defendant County of Muskegon, through the Muskegon County Sheriff's Department, its

employees, managers, agents and assigns, conducted a practice and pattern of retaliation against Plaintiff, including heavily and unreasonably scrutinizing Plaintiff's work and making demands of her that were not made for similarly situated male deputies.

26. Around December 2017, in retaliation for Plaintiff's complaints as stated above, a sergeant and/or management level employee of Defendant County of Muskegon, under false pretenses, wrongfully and maliciously told Plaintiff's coworkers that she was mentally unfit, and he attempted to have Plaintiff examined by a psychiatrist to prove she was unfit for duty.

27. Around April 10, 2019, in retaliation for the above, a deputy of Defendant County of Muskegon approached Plaintiff and said, "I got you bitch, you snitch f--king bitch."

28. Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, subsequently illegally eavesdropped and recorded a private conversation Plaintiff was having with her husband on her cell phone in a private place behind closed doors. The eavesdropping and recording of the private conversation was done without Plaintiff's consent and without the consent of Plaintiff's husband.

29. Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, used the eavesdropping and recording of Plaintiff's private conversation as a means of surveillance to secretly observe and record her conversation and activities for the purpose of spying on Plaintiff and invading Plaintiff's privacy.

30. In retaliation for Plaintiff's prior protected acts, Defendants used the information illegally obtained through eavesdropping, recording, and secret surveillance outside of a closed door

to then place Plaintiff on administrative leave and/or suspension. The information illegally obtained was misconstrued, false, and inaccurate.

31. Around April 23, 2019, in retaliation for complaints of the discrimination and harassment identified above, Plaintiff was forced to sign a "Last Chance Agreement" under duress. Plaintiff was told if she did not sign the agreement, she would be fired.

32. Defendant County of Muskegon called Plaintiff into a meeting and demanded that within five (5) minutes she sign a "Last Chance Agreement" that was in reality a Full Release of all sexual harassment, retaliation, employment and Civil Rights claims or actions she had, with a threat that if she did not sign, she would immediately be terminated.

33. Plaintiff then revoked the "Last Chance Agreement" because she signed the Agreement under duress and because it took away all of her rights.

34. After revoking the "Last Chance Agreement," Plaintiff was falsely advised (with the knowledge that her husband was battling a serious illness) that if she resigned, she could retain her right to healthcare benefits.

35. After then signing a resignation, Plaintiff was then told that she actually will not be allowed to retain her healthcare benefits.

36. Plaintiff then withdrew or revoked her resignation.

37. In further retaliation, Defendant County of Muskegon refused Plaintiff's request to revoke her signature of the "Last Chance Agreement" and/or the resignation, therefore in effect terminating Plaintiff's employment, as Plaintiff made it clear that she did not want to resign.

38. Plaintiff Lori Heethuis' separation from Defendant County of Muskegon was effective April 23, 2019. She was terminated 9 months before she was scheduled to be eligible for

retirement as a 21-year employee of Defendant County of Muskegon Sheriff's Office.

39. Around July 11, 2019, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2019-04028), which included claims of discrimination and retaliation based on Plaintiff's sex/gender.

## COUNT I
## SEX/GENDER DISCRIMINATION
## TITLE VII - 42 U.S.C. § 2000e et seq.

40. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

41. Defendant County of Muskegon, through its agents, employees, managers and assigns, deprived Plaintiff of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.* and Title I of the Civil Rights Act of 1991, to be free from gender/sexual discrimination by denying Plaintiff those rights, in whole or in part, because of her gender/sex. By said acts, Defendant County of Muskegon has violated 42 U.S.C. Section 2000e *et seq*.

42. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT II
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## TITLE VII - 42 U.S.C. § 2000e *et seq.*

43. Plaintiff realleges and incorporates by reference the allegations contained in the previous

paragraphs.

44. Defendant County of Muskegon, by and through its agents, employees, managers and assigns, deprived Plaintiff Lori Heethuis of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, to be free from sexual harassment by denying Plaintiff those rights, in whole or in part, because of her sex/gender; and, subjecting her to a hostile environment, including but not limited unwelcomed sexual physical touching and sexually offensive and degrading language, which interfered with her employment, failing to take prompt, adequate and remedial measures, and undertaking a tangible employment action against Plaintiff. By said acts, Defendant County of Muskegon has violated 42 U.S.C. § 2000e et seq.

45. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT III
## RETALIATION
## TITLE VII - 42 U.S.C. § 2000e *et seq.*

46. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

47. Defendant County of Muskegon, through its employees, agents, managers, and/or assigns, discriminated against Plaintiff, in the terms and conditions of her employment, including but not limited to the aforementioned actions, and by subjecting Plaintiff to unwarranted

discipline in the form of unpaid suspension and/or termination, and failing to respond to Plaintiff's calls for assistance at the Muskegon County Jail, based on gender/sex, and/or because Plaintiff complained and/or opposed practices made unlawful by 42 U.S.C. § 2000e.

48. The aforementioned actions deprived Plaintiff of her right to oppose said unlawful practices, in violation of 42 U.S.C. § 2000e.

49. Defendant County of Muskegon, through its employees, agents, managers, and/or assigns, retaliated against Plaintiff because Plaintiff made a charge, assisted, and participated in any manner in an investigation under 42 U.S.C. § 2000e.

50. Defendant County of Muskegon's actions were malicious, intentional, and/or done with reckless indifference to Plaintiff's rights and sensibilities.

51. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## STATE LAW CLAIMS - SUPPLEMENTAL JURISDICTION

### COUNT IV
### SEX/GENDER DISCRIMINATION
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

52. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

53. The aforementioned acts by Defendant County of Muskegon, through its employees,

agents, managers and/or assigns, constitute discrimination against the Plaintiff regarding the terms and conditions of her employment on the basis of her gender/sex, and on that basis were performed intentionally and in a discriminatory manner as compared to other similarly situated male employees. By said acts, Defendants have violated Michigan Common and/or Statutory Law, including specifically the Elliott-Larsen Civil Rights Act, M.C.L. 37.2101 et seq.

54. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT V
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## ELLIOTT – LARSEN CIVIL RIGHTS ACT

55. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

56. During the course of her employment with Defendant County of Muskegon, Plaintiff has been subjected to constant and unwelcome gender/sexual harassment by coworkers at Defendant County of Muskegon, including but not limited to physical touching and offensive and derogatory comments and conduct based on her gender/sex.

57. The unwelcome gender based offensive and derogatory comments, sexual touching, and other conduct by employees of Defendant County of Muskegon had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an

intimidating, hostile, and offensive employment environment.

58. Defendant County of Muskegon had both actual and constructive notice that employees of Defendant were creating a hostile and offensive work environment.

59. Despite having notice of the unwelcome gender based offensive and derogatory comments and conduct by employees of Defendant County of Muskegon toward Plaintiff, Defendant failed to adequately investigate and take prompt and appropriate remedial action.

60. The unwelcome gender based offensive and derogatory comments and conduct by coworkers at Defendant County of Muskegon and Defendant's failure to adequately investigate and take prompt and appropriate remedial action violate the Elliott-Larsen Civil Rights Act.

61. Defendant further violated the Elliott-Larsen Civil Rights Act in that:

   a. Defendant failed to provide the Plaintiff with employment conditions and relationships where she could safely work free from verbal and mental gender/sexual harassment and/or discrimination;

   b. Defendant failed to discharge, suspend, reprimand or otherwise discipline employees for their actions of sexual harassment and/or discrimination;

   c. Defendant failed to effectively disseminate and enforce an anti-harassment policy to their employees; and,

   d. Defendant otherwise failed to comply with statutory and/or common law.

62. Such conduct has denied Plaintiff equal protection and civil rights guaranteed by the Constitution and laws of the State of Michigan.

63. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and

loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT VI
## RETALIATION
## ELLIOTT-LARSEN CIVIL RIGHTS ACT

64. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

65. The aforementioned acts by the Defendant County of Muskegon, through its employees, agents, managers and assigns, constitute retaliation against the Plaintiff for having opposed action(s) that constitute a violation of the Elliott-Larsen Civil Rights Act and/or the attempt to file a claim or charge with the Michigan Department of Civil Rights and/or Equal Employment Opportunity Commission, and on that basis, were performed intentionally and in a discriminatory manner as compared to other similarly situated male employees. By said retaliatory acts, the Defendant has violated Michigan common and/or statutory law, including specifically the Elliott-Larsen Civil Rights Act, M.C.L. 37.2101 et seq.

66. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT VII
## DEFAMATION

67. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

68. Around December 2017, in retaliation to Plaintiff's complaints as stated above, a sergeant and/or management level employee of Defendant County of Muskegon, under false pretenses, wrongfully and maliciously told Plaintiff's coworkers that she was mentally unfit, and he attempted to have Plaintiff examined by a psychiatrist to prove she was unfit for duty.

69. The statements made by the sergeant and/or management employee of Defendant County of Muskegon were false and defamatory statements made concerning Plaintiff.

70. The statements made by the sergeant and/or management employee of Defendant County of Muskegon were unprivileged publications to third parties, or other employees of Defendant.

71. The sergeant and/or management employee of Defendant County of Muskegon was negligent in making these false and defamatory statements made concerning Plaintiff and caused harm to Plaintiff.

72. The aforementioned actions, acts, and/or omissions of Defendant, including, but not limited to, subjecting Plaintiff Lori Heethuis to harassment, ridicule, and numerous other pressures by Defendant County of Muskegon through its employees, agents, managers, and/or assigns, in the face of continuous, deliberate, degrading treatment of Plaintiff, the aforementioned actions constituted malicious actions that Defendant County of Muskegon knew or should have known would cause Plaintiff severe distress and anxiety, humiliation and embarrassment, both emotionally and financially, and constitute a violation of Michigan common and/or statutory law.

73. As a direct and/or proximate result of the aforementioned actions and inactions by Defendant's managerial personnel and other employees of Defendant County of

Muskegon, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## COUNT VIII
## WIRETAPPING / EAVESDROPPING
## ALL DEFENDANTS

74. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

75. Defendant County of Muskegon, through their employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, eavesdropped and recorded a private conversation Plaintiff was having with her husband on her cell phone in a private place behind closed doors. The eavesdropping and recording of the private conversation was done without Plaintiff's consent and without the consent of Plaintiff's husband.

76. Defendant County of Muskegon, through their employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, used the eavesdropping and recording of Plaintiff's private conversation as a means of surveillance to secretly observe and record her conversation and activities for the purpose of spying on Plaintiff and invading Plaintiff's privacy.

77. In retaliation for Plaintiff's prior protected acts, Defendants used the information illegally obtained through eavesdropping, recording, and secret surveillance outside of a closed door to then place Plaintiff on administrative leave and/or suspension. The information illegally obtained was misconstrued, false, and inaccurate.

78. The aforementioned actions and inactions by Defendant's managerial personnel and other employees of Defendant County of Muskegon, including Defendant Ryan Boike, constitute a violation of Michigan common and/or statutory law, and as a direct and/or proximate result, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**DAMAGES**

79. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

80. Defendant County of Muskegon and Defendant Ryan Boike violated Plaintiff's rights applicable under both State and Federal law, including but not limited to sex/gender discrimination in the terms and conditions of her employment, retaliation for making protected complaints of sexual assault, sexual harassment and/or a hostile work environment based on sex/gender, retaliation for giving testimony in a Civil Rights litigation matter regarding the conditions of the Muskegon County Jail as they applied to female inmates, conspiracy to violate her rights and to terminate and/or force her to leave, a violation of her due process rights as a Muskegon County employee, defamation, and eavesdropping.

81. As a direct and/or proximate result of the unlawful employment and other practices described above, Plaintiff Lori Heethuis has suffered physical pain and suffering, mental anguish, outrage, embarrassment, humiliation, damaged reputation and disruption of her

personal and working life, loss of self-esteem, loss of job satisfaction, and loss of enjoyment of the ordinary pleasures of everyday living.

82. As a direct and/or proximate result of the unlawful employment and other practices described above, Plaintiff Lori Heethuis has been deprived of wages past and prospective, income and other employment benefits, including but not limited to, prospective retirement benefits, holiday and vacation pay, educational benefits, training opportunity and other promotional and fringe benefits of said employment, and has additionally been subjected to mental and financial distress and anxiety, and/or other damages known or unknown.

**WHEREFORE**, Plaintiff, Lori L. Heethuis, seeks all appropriate damages against Defendant County of Muskegon and Defendant Ryan Boike arising out of law, equity and fact for each or all of the above counts, where applicable, and requests the trier of fact award Plaintiff all applicable damages, including but not limited to compensatory, exemplary and/or punitive, and all other relief arising out of law, equity, and fact according to statutory and common law, including interest, costs, and attorney fees.

Respectfully submitted,

Dated: November 6, 2019

By: _/s/ Lori L. Heethuis_
Lori L. Heethuis

Dated: November 6, 2019

By:  /s/ Stephen R. Drew
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
Email: sdrew@dca-lawyers.com
Email: asturdivant@dca-lawyers.com

## JURY DEMAND

Plaintiff, Lori L. Heethuis, by and through her attorneys DREW, COOPER & ANDING, demands a jury on all claims set forth above.

Respectfully submitted,

Dated: November 6, 2019

By: _____
Lori L. Heethuis

Dated: November 6, 2019

By:  /s/ Stephen R. Drew
    Stephen R. Drew (P24323)
    Adam C. Sturdivant (P72285)
    DREW, COOPER & ANDING
    Attorneys for Plaintiff
    80 Ottawa Avenue NW, Suite 200
    Grand Rapids, Michigan 49503
    Phone: (616) 454-8300
    Email: sdrew@dca-lawyers.com
    Email: asturdivant@dca-lawyers.com