UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

     Plaintiff,

Case No. 1:19-cv-00940

-vs-

HON:  PAUL L. MALONEY

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

     Defendants.

_____/

| | |
|---|---|
| DREW, COOPER & ANDING<br>STEPHEN R. DREW (24323)<br>ADAM C. STURDIVANT (P72285)<br>Attorneys for Plaintiff<br>80 Ottawa Avenue, NW, Suite 200<br>Grand Rapids, MI 49503<br>(616) 454-8300<br>sdrew@dca-lawyers.com<br>asturdivant@dca-lawyers.com | ROSATI, SCHULTZ, JOPPICH &<br>AMTSBUECHLER PC<br>LAURA S. AMTSBUECHLER<br>(P36972)<br>LAURA BAILEY BROWN (P79742)<br>Attorneys for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100<br>lamtsbuechler@rsjalaw.com<br>lbrown@rsjalaw.com |

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND RELIANCE UPON JURY DEMAND**

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH &

AMTSBUECHLER, PC, submit the following in answer to Plaintiff's Complaint:

**JURISDICTION**

1

1.     This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant County of Muskegon pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1988, and 42 U.S.C. § 1983.  The jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §1343; and 28 U.S.C. §1367 (supplemental jurisdiction).  This is an action seeking declaratory and injunctive relief and money damages against Defendant County of Muskegon and Defendant Ryan Boike for purposeful discrimination and violations of Plaintiff's civil rights.

**ANSWER:** In answer to paragraph 1, Defendants deny violating Plaintiff's civil rights or otherwise discriminating against her, and also deny that Plaintiff has any viable claims against Defendants for the reason that these allegations are untrue. In further answer, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

2.     The unlawful and discriminatory employment practices alleged in this complaint occurred within the Western District of the State of Michigan.  Venue is proper therein pursuant to 28 U.S.C. § 1391.

**ANSWER:** In answer to paragraph 2, Defendants deny violating Plaintiff's civil rights or otherwise discriminating against her, and also deny that Plaintiff has

any viable claims against Defendants for the reason that these allegations are untrue. In further answer, Defendants do not contest venue.

3.     The Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue regarding the aforementioned claims (EEOC Charge No. 471-2019-04028). A copy is attached as Exhibit 1. Equitable and other relief are also sought under the aforementioned statutory provisions.

**ANSWER:** In answer to paragraph 3, Defendants state that the Notice of Right to Sue attached to the Complaint as Exhibit 1 speaks for itself. In further answer, Defendants affirmatively deny that Plaintiff has any viable claims against Defendants for the reason that these allegations are untrue.

## PARTIES

4.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 4, Defendants hereby incorporate by reference each and every answer to Paragraphs 1-3 above, as though fully set forth herein.

5.     Plaintiff, Lori Lynn Heethuis, *formerly Lori Lynn Johnson*, (hereinafter "plaintiff") is a citizen of the United States, a resident of the State of Michigan within the Western District of Michigan, and was at all relevant times an employee of the

3

Defendant County of Muskegon as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and Muskegon County Jail.

**ANSWER:** In answer to paragraph 5, Defendants admit that Plaintiff is a former employee of the County of Muskegon who worked as a Deputy Corrections Officer.  To the extent not expressly admitted herein, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

6.     Defendant County of Muskegon is a municipal corporation located in the County of Muskegon, State of Michigan, and is a governmental body organized and existing under the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

**ANSWER:**  In answer to paragraph 6, Defendant County of Muskegon states that it is a governmental entity created pursuant to Michigan statutes with the commensurate statutory rights and authority that is located within the territorial limits of the United States District Court for the Western District of Michigan. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him.

7.     Defendant Ryan Boike is a male citizen of the United States, a resident of the State of Michigan within the Western District of Michigan and was at all relevant times and employee of the Defendant County of Muskegon as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and Muskegon County Jail.

**ANSWER:** In answer to paragraph 7, Defendants admit that Defendant Boike is a male citizen of the United States, a resident of the State of within the Western District of Michigan and an employee of the Defendant County of Muskegon as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and Muskegon County Jail.

## FACTUAL ALLEGATIONS

8.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 8, Defendants hereby incorporate by reference each and every answer to Paragraphs 1-7 above, as though fully set forth herein.

9.     Plaintiff was hired by Defendant County of Muskegon on or about April 11, 1998 as a Deputy Corrections Officer for Defendant County of Muskegon's Sheriff's Office.

**ANSWER:** In answer to paragraph 9, Defendant County of Muskegon admits.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

10.     Beginning in 2009, Plaintiff was regularly sexually harassed by co-workers, including management, of Defendant County of Muskegon.

**ANSWER:** In answer to paragraph 10, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

11.     The harassment consisted of, but is not limited to:

    a.     Sexually inappropriate touching, grabbing, and other physical conduct by male employees of Defendant County of Muskegon, including but not limited to:

        i.     grabbing and pushing Plaintiff's head toward his genital area in a sexually suggestive and explicit manner;

        ii.     putting his hands under her shirt and fondling her breasts;

        iii.     putting his hands in her pants hear her genitals;

        iv.     attempting to kiss her;

6

v.   following her to areas where there were no surveillance cameras and touching her in a sexually inappropriate manner;

vi.   grabbing Plaintiff's buttocks;

vii.   grabbing Plaintiff's hips and thrusting against her from behind;

viii.   making inappropriate sexual comments regarding her body; and,

b.   Regular and pervasive sexually offensive comments by male employees.

**ANSWER:** In answer to paragraph 11, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

12.   Plaintiff complained repeatedly regarding the sexual harassment including but not limited to making complaints to management of the Defendant County of Muskegon's Sheriff's Office beginning in 2009 and continuing through 2014. Plaintiff also complained to Defendant County of Muskegon's Equal Employment Office in 2014.

**ANSWER:** In answer to paragraph 12, Defendant County of Muskegon admits only that Plaintiff submitted certain complaints, with one begin made to the County's Equal Employment Office in 2014. To the extent not expressly admitted herein, Defendant County of Muskegon denies the remaining allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

13.     In response to Plaintiff's complaints, in 2009 a male employee in management told her "those things just happen."

**ANSWER:** In answer to paragraph 13, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

14.     At least one male management level employee witnessed Plaintiff being subjected to unwelcome sexual touching on multiple occasions but did nothing to stop the conduct.

**ANSWER:** In answer to paragraph 14, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

15.     Despite making complaints, the sexual harassment persisted through at least May 2014.

**ANSWER:** In answer to paragraph 15, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

16.     No corrective or remedial measures were taken against the harassers.

**ANSWER:** In answer to paragraph 16, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

17.     Plaintiff was concerned that because she reported the illegal and offensive behavior, she would be subjected to different treatment because she is a woman and subjected to retaliatory actions.

**ANSWER:** In answer to paragraph 17, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

18.    In or around June 2014, Plaintiff began receiving unwarranted discipline.

**ANSWER:** In answer to paragraph 18, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

19.    In or around July 2014, Plaintiff received discipline for an incident that occurred in or around April 2014.

**ANSWER:** In answer to paragraph 19, Defendant County of Muskegon admits that Plaintiff was disciplined in or around July 2014 for an incident that occurred in or around April 2014.  Defendant County of Muskegon affirmatively denies that this discipline was unwarranted, particularly as Plaintiff committed a serious violation of the Muskegon County Sheriff's Office Taser Policy, using her taser against an inmate punitively or for purposes of coercion. Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

20.    In or around September 2014, Plaintiff was subjected to unwarranted discipline in the form of an unpaid suspension by a management level employee who

was also one of the harassers, in retaliation for making complaints of unlawful discrimination and sexual harassment.

**ANSWER:** In answer to paragraph 20, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. In further answer, Defendant County of Muskegon affirmatively states that in or around September 2014, Plaintiff received an unpaid suspension for serious violations of the Muskegon County Sheriff's Office policies and procedures, as well as Michigan law, in connection with allowing an inmate to use her cell phone. Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

21. In further retaliation, other employees of Defendant County of Muskegon failed to respond to Plaintiff's calls for assistance at the Muskegon County Jail during her shifts from time to time.

**ANSWER:** In answer to paragraph 21, Defendants deny the allegations as stated for the reason that they are untrue.

22. Around October 8, 2014, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2015-00116), which included claims of discrimination, sexual harassment, hostile work environment, and retaliation based on Plaintiff's sex/gender.

11

**ANSWER:** In answer to paragraph 22, Defendant County of Muskegon admits only that a Charge of Discrimination was filed by Plaintiff against the County of Muskegon in or around October 8, 2014.  In further answer, Defendant County of Muskegon states that the Charge of Discrimination speaks for itself.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

23.   Around October 19, 2016, Plaintiff Lori Heethuis, a female Deputy Corrections Officer for Muskegon County, testified as a witness in a case filed by the American Civil Liberties Union (ACLU), *Semelbauer, et al. v. Muskegon County, et al.*, a case that involved alleged discriminatory jail conditions for female inmates, and included claims of gender discrimination and claims of male corrections officers violating the constitutional rights of female inmates.

**ANSWER:** In answer to paragraph 23, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

24.   In retaliation for making complaints of sexual harassment during her employment, filing a Charge of Discrimination with the EEOC around October 8, 2014, and testifying as a witness around October 19, 2016 in a case filed by the

12

ACLE against the County of Muskegon, Plaintiff was again regularly retaliated against, harassed, and regularly subjected to a hostile work environment, which included being regularly subjected to disciplinary actions and false statements being made against her during her employment at Defendant County of Muskegon.

**ANSWER:** In answer to paragraph 24, Defendants deny the allegations for the reason that they are untrue.

25.   Defendant County of Muskegon, through the Muskegon County Sheriff's Department, its employees, managers, agents, and assigns, conducted a practice and pattern of retaliation against Plaintiff, including heavily and unreasonably scrutinizing Plaintiff's work and making demand of her that were not made for similarly situated male employees.

**ANSWER:** In answer to paragraph 25, Defendant County of Muskegon denies the allegations for the reason that they are untrue.  Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

26.   Around December 2017, in retaliation for Plaintiff's complaints as stated above, a sergeant and/or management level employee of Defendant County of Muskegon, under false pretenses, wrongfully and maliciously told Plaintiff's

coworkers that she was mentally unfit, and he attempted to have Plaintiff examined by a psychiatrist to prove she was unfit for duty.

**ANSWER:** In answer to paragraph 26, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

27.    Around April 10, 2019, in retaliation for the above, a deputy of Defendant County of Muskegon approached Plaintiff and said, "I got you bitch, you snitch f—king bitch."

**ANSWER:** In answer to paragraph 27, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

28.    Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, subsequently illegally eavesdropped and recorded a private conversation Plaintiff was having with her husband on her cell phone in a private place behind closed doors.  The eavesdropping

14

and recording of the private conversation was done without Plaintiff's consent and without the consent of Plaintiff's husband.

**ANSWER:** In answer to paragraph 28, Defendants deny the allegations as stated for the reason that they are untrue.

29. Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, used the eavesdropping and recording of Plaintiff's private conversation as a means of surveillance to secretly observe and record her conversation and activities for the purpose of spying on Plaintiff and invading Plaintiff's privacy.

**ANSWER:** In answer to paragraph 29, Defendants deny the allegations as stated for the reason that they are untrue.

30. In retaliation for Plaintiff's prior protected acts, Defendants used the information illegally obtained through eavesdropping, recording, and secret surveillance outside of a closed door to then place Plaintiff on administrative leave and/or suspension. The information illegally obtained was misconstrued, false, and inaccurate.

**ANSWER:** In answer to paragraph 30, Defendants deny the allegations as stated for the reason that they are untrue.

31.    Around April 23, 2019, in retaliation for complaints of the discrimination and harassment identified above, Plaintiff was forced to sign a "Last Chance Agreement" under duress.   Plaintiff was told if she did not sign the agreement, she would be fired.

**ANSWER:** In answer to paragraph 31, Defendants deny the allegations as stated for the reason that they are untrue.  In further answer, Defendant County of Muskegon affirmatively states that Plaintiff was presented with a Last Chance Agreement in connection with Plaintiff's violation of multiple Muskegon County Sheriff's Office policies and procedures, which she negotiated and voluntarily signed.

32.    Defendant County of Muskegon called Plaintiff into a meeting and demanded that within five (5) minutes she sign a "Last Chance Agreement" that was in reality a Full Release of all sexual harassment, retaliation, employment and Civil Rights claims or actions she had, with a threat that if she did not sign, she would immediately be terminated.

**ANSWER:** In answer to paragraph 32, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue.  In further answer, Defendant County of Muskegon affirmatively states that Plaintiff was presented with a Last Chance Agreement in connection with Plaintiff's violation of multiple Muskegon County Sheriff's Office policies and procedures, which she negotiated

and voluntarily signed. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

33.  Plaintiff then revoked the "Last Chance Agreement" because she signed the Agreement under duress and because it took away all of her rights.

**ANSWER:** In answer to paragraph 33, Defendants neither admit nor deny any remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiff to her proofs.

34.  After revoking the "Last Chance Agreement" Plaintiff was falsely advised (with the knowledge that her husband was battling a serious illness) that if she resigned, she could retain her right to healthcare benefits.

**ANSWER:** In answer to paragraph 34, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

35.  After then signing a resignation, Plaintiff was then told that she actually will not be allowed to retain her healthcare benefits.

17

**ANSWER:** In answer to paragraph 35, Defendant County of Muskegon admits that Plaintiff submitted a resignation but denies the remaining allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

36.     Plaintiff then withdrew or revoked her resignation.

**ANSWER:** In answer to paragraph 36, Defendant County of Muskegon admits that Plaintiff attempted to withdraw or revoke her resignation. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

37.     In further retaliation, Defendant County of Muskegon refused Plaintiff's request to revoke her signature on the "Last Chance Agreement" and/or the resignation, therefore in effect terminating Plaintiff's employment, as Plaintiff made it clear that she did not want to resign.

**ANSWER:** In answer to paragraph 37, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for

18

lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

38.   Plaintiff Lori Heethuis' separation from Defendant County of Muskegon was effective April 23, 2019.  She was terminated 9 months before she was scheduled to be eligible for retirement as a 21-year employee of Defendant County of Muskegon Sheriff's Office.

**ANSWER:** In answer to paragraph 38, Defendant County of Muskegon admits that Plaintiff's separation from her employment with the County of Muskegon was effective April 23, 2019 and that this date was approximately 9 months before she was eligible to retire.  To the extent not expressly admitted herein, Defendant County of Muskegon denies the remaining allegations for the reason that they are untrue.  Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

39.   Around July 11, 2019, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2019-04028), which included claims of discrimination and retaliation based on Plaintiff's sex/gender.

**ANSWER:**  In answer to paragraph 39, Defendant County of Muskegon admits only that a Charge of Discrimination was filed by Plaintiff against the County of Muskegon in or around July 11, 2019.  In further answer, Defendant County of Muskegon states that the Charge of Discrimination speaks for itself.  Defendant Boike provides no answer to this allegation for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

<div align="center">

**COUNT I**
**SEX/GENDER DISCRIMINATION**
**TITLE VII – 42 U.S.C. § 2000e et seq**

</div>

40.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 40, Defendants hereby incorporate by reference each and every answer to paragraphs 1-39 above, as though fully set forth herein.

41.    Defendant County of Muskegon, through its agents, employees, managers and assigns, deprived Plaintiff of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.* and Title I of the Civil Rights Act of 1991, to be free from gender/sexual discrimination by denying Plaintiff those rights, in whole or in part, because of her gender/sex.  By

said acts, Defendant County of Muskegon has violated 42 U.S.C. Section 2000e *et seq*.

**ANSWER:** In answer to paragraph 41, Defendants deny the allegations for the reason that they are untrue.

42.     As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 42, Defendants deny the allegations for the reason that they are untrue.

<div align="center">

**COUNT II**
**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII – 42 U.S.C. § 2000e et seq**

</div>

43.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 43, Defendants hereby incorporate by reference each and every answer to paragraphs 1-42 above, as though fully set forth herein.

44.     Defendant County of Muskegon, by and through its agents, employees, managers, and assigns, deprived Plaintiff Lori Heethuis of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and the Civil Rights Act of 1991, to be free from sexual harassment by denying Plaintiff those rights, in whole or in part, because of her sex/gender; and, subjecting her to a hostile environment, including but not limited unwelcomed sexual physical touching and sexually offensive and degrading language, which interfered with her employment, failing to take prompt adequate, and remedial measures, and undertaking a tangible employment action against Plaintiff.  By said acts, Defendant County of Muskegon has violated 42 U.S.C. § 2000e et seq.

**ANSWER:** In answer to paragraph 44, Defendants deny the allegations for the reason that they are untrue.

45.     As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 45, Defendants deny the allegations for the reason that they are untrue.

22

## COUNT III
## RETALIATION
## TITLE VII – 42 U.S.C. § 2000e et seq

46.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 46, Defendants hereby incorporate by reference each and every answer to paragraphs 1-45 above, as though fully set forth herein.

47.     Defendant County of Muskegon, through its employees, agents, managers, and/or assigns, discriminated against Plaintiff, in the terms and conditions of her employment, including but not limited to the aforementioned actions, and by subjecting Plaintiff to unwarranted discipline in the form of unpaid suspension and/or termination, and failing to respond to Plaintiff's calls for assistance at the Muskegon County Jail, based on gender/sex, and/or because Plaintiff complained and/or opposed practices made unlawful by 42 U.S.C. § 2000e.

**ANSWER:** In answer to paragraph 47, Defendants deny the allegations for the reason that they are untrue.

48.     The aforementioned actions deprived Plaintiff of her right to oppose said unlawful practices, in violation of 42 U.S.C. § 2000e.

**ANSWER:** In answer to paragraph 48, Defendants deny the allegations for the reason that they are untrue.

23

49.     Defendant County of Muskegon, through its employees, agents, managers, and/or assigns, retaliated against Plaintiff because Plaintiff made a charge, assisted, and participated in any manner in an investigation under 42 U.S.C. § 2000e.

**ANSWER:** In answer to paragraph 49, Defendants deny the allegations for the reason that they are untrue.

50.     Defendant County of Muskegon's actions were malicious, intentional, and/or done with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER:** In answer to paragraph 50, Defendants deny the allegations for the reason that they are untrue.

51.     As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 51, Defendants deny the allegations for the reason that they are untrue.

## STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION

### COUNT IV
### SEX/GENDER DISCRIMINATION

24

## ELLIOTT-LARSEN CIVIL RIGHTS ACT

52.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 52, Defendants hereby incorporate by reference each and every answer to paragraphs 1-51 above, as though fully set forth herein.

53.   The aforementioned acts by Defendant County of Muskegon, through its employees, agents, manager and/or assigns, constitute discrimination against the Plaintiff regarding the terms and conditions of her employment on the basis of her gender/sex, and on that basis were performed intentionally and in a discriminatory manner as compared to other similarly situated male employees.   By said acts, Defendants have violated Michigan Common and/or Statutory Law, including specifically the Elliott-Larsen Civil Rights Act, M.C.L. 37.2101, et seq.

**ANSWER:**  In answer to paragraph 53, Defendants deny the allegations for the reason that they are untrue.

54.   As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the

ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 54, Defendants deny the allegations for the reason that they are untrue.

## COUNT V
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## ELLIOTT-LARSEN CIVIL RIGHTS ACT

55.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 55, Defendants hereby incorporate by reference each and every answer to paragraphs 1-54 above, as though fully set forth herein.

56.     During the course of her employment with Defendant County of Muskegon, Plaintiff has been subjected to constant and unwelcome gender/sexual harassment by coworkers at Defendant County of Muskegon, including but not limited to physical touching and offensive and derogatory comments and conduct based on her gender/sex.

**ANSWER:** In answer to paragraph 55, Defendants deny the allegations for the reason that they are untrue.

57.     The unwelcome gender based offensive and derogatory comments, sexual touching, and other conduct by employees of Defendant County of Muskegon

26

had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

**ANSWER:** In answer to paragraph 57, Defendants deny the allegations for the reason that they are untrue.

58.     Defendant County of Muskegon had both actual and constructive notice that employees of Defendant were creating a hostile and offensive work environment.

**ANSWER:** In answer to paragraph 58, Defendants deny the allegations for the reason that they are untrue.

59.     Despite having notice of the unwelcome gender based offensive and derogatory comments and conduct by employees of Defendant County of Muskegon toward Plaintiff, Defendant failed to adequately investigate and take prompt and appropriate remedial action.

**ANSWER:** In answer to paragraph 59, Defendants deny the allegations for the reason that they are untrue.

60.     The unwelcome gender based offensive and derogatory comments and conduct by coworkers at Defendant County of Muskegon and Defendant's failure to adequately investigate and take prompt and appropriate remedial action violate the Elliott-Larsen Civil Rights Act.

**ANSWER:** In answer to paragraph 60, Defendants deny the allegations for the reason that they are untrue.

61.     Defendant further violated the Elliott-Larsen Civil Rights Act in that:

    a.     Defendant failed to provide the Plaintiff with employment conditions and relationship where she could safely work free from verbal and mental gender/sexual harassment and/or discrimination;

    b.     Defendant failed to discharge, suspend, reprimand, or otherwise discipline employees for their actions of sexual harassment and/or discrimination;

    c.     Defendant failed to effectively disseminate and enforce an anti-harassment policy to their employees; and

    d.     Defendant otherwise failed to comply with statutory and/or common law.

**ANSWER:** In answer to paragraph 61, Defendants deny the allegations for the reason that they are untrue.

62.     Such conduct has denied Plaintiff equal protection and civil rights guaranteed by the Constitution and laws of the State of Michigan.

**ANSWER:** In answer to paragraph 62, Defendants deny the allegations for the reason that they are untrue.

63.     As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 63, Defendants deny the allegations for the reason that they are untrue.

<div align="center">

**COUNT VI**
**RETALIATION**
**ELLIOTT-LARSEN CIVIL RIGHTS ACT**

</div>

64.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 64, Defendants hereby incorporate by reference each and every answer to paragraphs 1-63 above, as though fully set forth herein.

65.     The aforementioned acts by the Defendant County of Muskegon, through its employees, agents, managers and assigns, constitute retaliation against the Plaintiff for having opposed act(s) that constitute a violation of the Elliott-Larsen Civil Rights Act and/or the attempt to file a claim or charge with the Michigan Department of Civil Rights and/or Equal Employment Opportunity Commission,

and on that basis, were performed intentionally and in a discriminatory manner as compared to other similarly situated male employees.  By said retaliatory acts, the Defendant has violated Michigan common and/or statutory law, including specifically the Elliott-Larsen Civil Rights Act, M.C.L. 37.2102 et seq.

**ANSWER:** In answer to paragraph 65, Defendants deny the allegations for the reason that they are untrue.

66.    As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 66, Defendants deny the allegations for the reason that they are untrue.

<div align="center">

**COUNT VII**
**DEFAMATION**

</div>

67.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 67, Defendants hereby incorporate by reference each and every answer to paragraphs 1-66 above, as though fully set forth herein.

<div align="center">30</div>

68.    Around December 2017, in retaliation to Plaintiff's complaints as stated above, a sergeant and/or management level employee of Defendant County of Muskegon, under false pretenses, wrongfully and maliciously told Plaintiff's coworkers that she was mentally unfit, and he attempted to have Plaintiff examined by a psychiatrist to prove that she was unfit for duty.

**ANSWER:** In answer to paragraph 68, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

69.    The statements made by the sergeant and/or management employee of Defendant County of Muskegon were false and defamatory statements made concerning Plaintiff.

**ANSWER:** In answer to paragraph 69, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

70.    The statements made by the sergeant and/or management employee of Defendant County of Muskegon were unprivileged publications to third parties, or other employees of Defendant.

**ANSWER:** In answer to paragraph 70, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

71.    The sergeant and/or management employee of Defendant County of Muskegon was negligent in making these false and defamatory statements made concerning Plaintiff and caused harm to Plaintiff.

**ANSWER:** In answer to paragraph 71, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

72.    The aforementioned actions, acts, and/or omissions of Defendant, including, but not limited to, subjecting Plaintiff Lori Heethuis to harassment, ridicule, and numerous other pressures by Defendant County of Muskegon through its employees, agents, managers, and/or assigns, in the fact of continuous, deliberate,

degrading treatment of Plaintiff, the aforementioned actions constituted malicious actions that Defendant County of Muskegon knew or should have known would cause Plaintiff severe distress and anxiety, humiliation and embarrassment, both emotionally and financially, and constitute a violation of Michigan common and/or statutory law.

**ANSWER:** In answer to paragraph 72, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

73.     As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 73, Defendant County of Muskegon denies the allegations as stated for the reason that they are untrue. Defendant Boike provides no answer to this allegation insofar as it does not pertain to him and for

lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leaves Plaintiff to her proofs.

<div align="center">

**COUNT VIII**
**WIRETAPPING/EAVESDROPPING**
**ALL DEFENDANTS**

</div>

74.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 74, Defendants hereby incorporate by reference each and every answer to paragraphs 1-73 above, as though fully set forth herein.

75.   Defendant County of Muskegon, through its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, eavesdropped and recorded a private conversation Plaintiff was having with her husband on her cell phone in a private place behind closed doors.  The eavesdropping and recording of the private conversation was done without Plaintiff's consent and without the consent of Plaintiff's husband.

**ANSWER:** In answer to paragraph 75, Defendants deny the allegations for the reason that they are untrue.

76.   Defendant County of Muskegon, through their employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, used the eavesdropping and recording of Plaintiff's private conversation as a means of

<div align="center">34</div>

surveillance to secretly observe and record her conversation and activities for the purpose of spying on Plaintiff and invading Plaintiff's privacy.

**ANSWER:** In answer to paragraph 76, Defendants deny the allegations for the reason that they are untrue.

77.    In retaliation for Plaintiff's prior protected acts, Defendants used the information illegally obtained through eavesdropping, recording, and secret surveillance outside of a closed door to then place Plaintiff on administrative leave and/or suspension.  The information illegally obtained was misconstrued, false, and inaccurate.

**ANSWER:** In answer to paragraph 77, Defendants deny the allegations for the reason that they are untrue.

78.    As a direct and/or proximate result of the aforementioned actions and inactions by Defendant, Plaintiff has sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of living, an loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

**ANSWER:** In answer to paragraph 78, Defendants deny the allegations for the reason that they are untrue.

<u>**DAMAGES**</u>

79.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:** In answer to paragraph 79, Defendants hereby incorporate by reference each and every answer to paragraphs 1-78 above, as though fully set forth herein.

80.    Defendant County of Muskegon and Defendant Ryan Boike violated Plaintiff's rights applicable under both State and Federal law, including but not limited to sex/gender discrimination in the terms and conditions of her employment, retaliation for making protected complaints of sexual assault, sexual harassment, and/or hostile work environment based on sex/gender, retaliation for giving testimony in a Civil Rights litigation matter regarding the conditions of the Muskegon County Jail as they applied to female inmates, conspiracy to violated her rights and to terminate and/or force her to leave, a violation of her due process rights as a Muskegon County employee, defamation, and eavesdropping.

**ANSWER:** In answer to paragraph 80, Defendants deny the allegations for the reason that they are untrue.

81.    As a direct and/or proximate result of the unlawful employment and other practices described above, Plaintiff Lori Heethuis has suffered physical pain and suffering, mental anguish, outrage, embarrassment, humiliation, damages reputation and disruption of her personal and working life, loss of self-esteem, loss

of job satisfaction, and loss of enjoyment of the ordinary pleasures of everyday living.

**ANSWER:** In answer to paragraph 81, Defendants deny the allegations for the reason that they are untrue.

82.    As a direct and/or proximate result of the unlawful employment and other practices described above, Plaintiff Lori Heethuis has been deprived of wages past and prospective, income and other employment benefits, including but not limited to prospective retirement benefits, holiday and vacation pay, educational benefits, training opportunity and other promotional and fringe benefits of said employment, and has additionally been subjected to mental and financial distress and anxiety, and/or other damages known or unknown.

**ANSWER:** In answer to paragraph 82, Defendants deny the allegations for the reason that they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC

/s/     *Laura Bailey Brown*
LAURA S. AMTSBUECHLER (P36972)
LAURA BAILEY BROWN (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
February 3, 2020        lbrown@rsjalaw.com

## AFFIRMATIVE DEFENSES

Defendants, through their attorneys, and for their Affirmative Defenses state as follows:

1.    Plaintiff has failed to state a claim against these Defendants.

2.    Plaintiff is barred from maintaining this action by the doctrine of laches, waiver, release, and estoppel.

3.    Plaintiff has failed to mitigate her damages.

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.    Defendant is entitled to a set off for any and all collateral sources from which Plaintiff receives recovery.

6.    Plaintiff's claims are barred to the extent she failed to appropriately exhaust her administrative remedies.

7.    Plaintiff's employment and employment-related remedies are governed by the terms of her collective bargaining agreement.

8.    Plaintiff's claims are barred for the reason that she failed to adequately exhaust collective bargaining procedures.

9.    All actions taken regarding Plaintiff's employment were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

10.     Plaintiff's claims are barred on the basis that she cannot establish that any of Defendant's legitimate reasons for its actions are pretext for discrimination or retaliation.

11.     Plaintiff's claims fail, in whole or in part, because she did not engage in activity protected by law.

12.     Plaintiff cannot establish that she was treated differently than similarly situated individuals.

13.     Plaintiff cannot establish show a causal connection between the alleged protected activity and any alleged adverse employment action.

14.     Plaintiff cannot establish a prima facie case under any theory of sexual harassment or discrimination alleged in her Complaint.

15.     Plaintiff cannot establish a prima facie case under any theory of retaliation alleged in her Complaint.

16.     Plaintiff was not subjected to severe or pervasive unwelcome conduct or communication in the workplace because of her sex or gender.

17.     Plaintiff was not subjected to any materially adverse employment action.

18.     Defendant has no respondeat superior liability because it had, and has, a policy and procedure to prevent and promptly correct any sexually harassment

behavior, and Plaintiff unreasonably failed to take advantage of this policy by reporting the alleged harassment.

19.     Defendant promptly took any remedial or corrective action required under the law.

20.     Defendant made no false statements about Plaintiff.

21.     Any alleged statements made by Defendant were not published to third parties with knowledge of the falsity of the statement or in reckless disregard of their truth.

22.     Defendants did not unlawfully eavesdrop or record a private conversation that Plaintiff had on her cell phone with her husband.

23.     Defendants did not eavesdrop or record a private conversation of Plaintiff's in a private place.

24.     Defendant reserves the right to plead additional affirmative defenses as they become known through discovery and trial.

<div style="margin-left:40%">

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.

/s/ Laura Bailey Brown (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100
lbrown@rsjalaw.com

</div>

DATED:  February 3, 2020

## **RELIANCE UPON JURY DEMAND**

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH &

AMTSBUECHLER, PC, rely upon the jury demand previously filed in this matter.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.

/s/ Laura Bailey Brown (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100
DATED:  February 3, 2020          lbrown@rsjalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification

of such filing to parties of record.

/s/ Julie Doll