UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,   Case No. 1:19-cv-940

    Plaintiff,   HON. PAUL L. MALONEY

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

# JOINT STATUS REPORT

    A Telephone Rule 16 Scheduling Conference is scheduled for **Monday, March 23, 2020 at 9:00 a.m.,** before Honorable Paul L. Maloney. Appearing for the parties as counsel will be:

Stephen R. Drew (P24323)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com

Laura Bailey Brown (P79742)
ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
Phone: (248) 489-4100
E-mail: lbrown@rsjalaw.com

1. **Jurisdiction:**

   The basis for the Court's jurisdiction is Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1988, and 42 U.S.C. § 1983, and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

2. **Jury or Non Jury:**

   This case is to be tried before a jury.

3. **Judicial Availability:**

   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

   This case involves the following claims and defenses:

   **Plaintiff's Description of Claims:**

   This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant County of Muskegon. Plaintiff is seeking declaratory and injunctive relief and money damages against Defendant County of Muskegon and Defendant Ryan Boike for purposeful discrimination, unlawful and discriminatory employment practices, and violations of Plaintiff's civil rights.

   Plaintiff was hired by Defendant County of Muskegon on or about April 11, 1998 as a Deputy Corrections Officer for Defendant County of Muskegon's Sheriff's Office. Beginning in 2009, Plaintiff was regularly sexually harassed by co-workers, including management, of Defendant County of Muskegon. The harassment consisted of sexually inappropriate touching, grabbing, and other physical conduct by male employees of Defendant County of Muskegon; grabbing and pushing Plaintiff's head toward his genital area in a sexually suggestive and explicit manner; putting his hands under her shirt and fondling her breasts; putting his hands in her pants near her genitals; attempting to kiss her; following her to areas where there were no surveillance cameras and touching her in a sexually inappropriate manner; grabbing Plaintiff's buttocks; grabbing Plaintiff's hips and thrusting against her from behind; making inappropriate sexual comments regarding her body; and, regular and pervasive sexually offensive comments by male employees.

   Plaintiff complained repeatedly regarding the sexual harassment including but not limited to making complaints to management of the Defendant County of Muskegon's Sheriff's Office beginning in 2009 and continuing through 2014. Plaintiff also complained to Defendant County of Muskegon's Equal Employment Office in 2014. In response to

Plaintiff's complaints, in 2009 a male employee in management told her "those things just happen." At least one male management level employee witnessed Plaintiff being subjected to unwelcome sexual touching on multiple occasions but did nothing to stop the conduct. Despite making complaints, the sexual harassment persisted through at least May 2014. No corrective or remedial measures were taken against the harassers. Plaintiff was concerned that because she reported the illegal and offensive behavior, she would be subjected to different treatment because she is a woman and subjected to retaliatory actions.

In or around June 2014, Plaintiff began receiving unwarranted discipline. In or around July 2014, Plaintiff received discipline for an incident that occurred in or around April 2014. In or around September 2014, Plaintiff was subjected to unwarranted discipline in the form of an unpaid suspension by a management level employee who was also one of the harassers, in retaliation for Plaintiff making complaints of unlawful discrimination and sexual harassment. In further retaliation, other employees of Defendant County of Muskegon failed to respond to Plaintiff's calls for assistance at the Muskegon County Jail during her shifts from time to time. Around October 8, 2014, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2015-00116), which included claims of discrimination, sexual harassment, hostile work environment, and retaliation based on Plaintiff's sex/gender.

Around October 19, 2016, Plaintiff Lori Heethuis, a female Deputy Corrections Officer for Muskegon County, testified as a witness in a case filed by the American Civil Liberties Union (ACLU), *Semelbauer, et al. v. Muskegon County, et al.*, a case that involved alleged discriminatory jail conditions for female inmates, and included claims of gender discrimination and claims of male corrections officers violating the constitutional rights of female inmates. In retaliation for making complaints of sexual harassment during her employment, filing a Charge of Discrimination with the EEOC around October 8, 2014, and testifying as a witness around October 19, 2016 in a case filed by the ACLU against the County of Muskegon, Plaintiff was again regularly retaliated against, harassed, and regularly subjected to a hostile work environment, which included being regularly subjected to disciplinary actions and false statements being made against her during her employment at Defendant County of Muskegon.

Defendant County of Muskegon, through the Muskegon County Sheriff's Department, its employees, managers, agents and assigns, conducted a practice and pattern of retaliation against Plaintiff, including heavily and unreasonably scrutinizing Plaintiff's work and making demands of her that were not made for similarly situated male deputies.

Around December 2017, in retaliation for Plaintiff's complaints as stated above, a sergeant and/or management level employee of Defendant County of Muskegon, under false pretenses, wrongfully and maliciously told Plaintiff's coworkers that she was mentally unfit, and he attempted to have Plaintiff examined by a psychiatrist to prove she was unfit for duty. Around April 10, 2019, in retaliation for the above, a deputy of Defendant County of Muskegon approached Plaintiff and said, "I got you bitch, you snitch f--king bitch."

Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, subsequently illegally eavesdropped and recorded a private conversation Plaintiff was having with her husband on her cell phone in a private place behind closed doors. The eavesdropping and recording of the private conversation was done without Plaintiff's consent and without the consent of Plaintiff's husband.

Defendant County of Muskegon, through the Muskegon County Sheriff's Department, and its employees, managers, agents, assigns, and representatives, including Defendant Ryan Boike, used the eavesdropping and recording of Plaintiff's private conversation as a means of surveillance to secretly observe and record her conversation and activities for the purpose of spying on Plaintiff and invading Plaintiff's privacy.

In retaliation for Plaintiff's prior protected acts, Defendants used the information illegally obtained through eavesdropping, recording, and secret surveillance outside of a closed door to then place Plaintiff on administrative leave and/or suspension. The information illegally obtained was misconstrued, false, and inaccurate. Around April 23, 2019, in retaliation for complaints of the discrimination and harassment identified above, Plaintiff was forced to sign a "Last Chance Agreement" under duress. Plaintiff was told if she did not sign the agreement, she would be fired.

Defendant County of Muskegon called Plaintiff into a meeting and demanded that within five (5) minutes she sign a "Last Chance Agreement" that was in reality a Full Release of all sexual harassment, retaliation, employment and Civil Rights claims or actions she had, with a threat that if she did not sign, she would immediately be terminated. Plaintiff then revoked the "Last Chance Agreement" because she signed the Agreement under duress and because it took away all of her rights. After revoking the "Last Chance Agreement," Plaintiff was falsely advised (with the knowledge that her husband was battling a serious illness) that if she resigned, she could retain her right to healthcare benefits. After then signing a resignation, Plaintiff was then told that she actually will not be allowed to retain her healthcare benefits. Plaintiff then withdrew or revoked her resignation.

In further retaliation, Defendant County of Muskegon refused Plaintiff's request to revoke her signature of the "Last Chance Agreement" and/or the resignation, therefore in effect terminating Plaintiff's employment, as Plaintiff made it clear that she did not want to resign. Plaintiff Lori Heethuis' separation from Defendant County of Muskegon was effective April 23, 2019. She was terminated 9 months before she was scheduled to be eligible for retirement as a 21-year employee of Defendant County of Muskegon Sheriff's Office. Around July 11, 2019, Plaintiff filed an EEOC Charge of Discrimination against Defendant County of Muskegon (EEOC Charge No. 471-2019-04028), which included claims of discrimination and retaliation based on Plaintiff's sex/gender.

Plaintiff's claims of sex/gender discrimination, sexual harassment, hostile work environment, and retaliation were filed pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1988, and 42 U.S.C. § 1983. Plaintiff also asserts claims of defamation, and

wiretapping/eavesdropping in violation of Plaintiff's due process rights as an employee of Defendant County of Muskegon.

**Defendants' Description of Defenses:**

Plaintiff is a former employee of the County of Muskegon where she worked as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and the Muskegon County Jail.

Plaintiff's claims of sexual harassment stem from events that she alleges started in 2009 and ended in 2014. As admitted in Plaintiff's Complaint, the alleged harassing behavior ended more than six years ago. Plaintiff's sexual harassment and gender discrimination claims are time-barred under both Title VII (which requires that prior to filing suit, a plaintiff properly exhaust administrative remedies by filing a charge of discrimination raising all harassing acts within 300-days of the date that the action occurred) and Michigan's Elliott-Larsen Civil Rights Act (which has a three-year statute of limitations period). Furthermore, Defendants have no respondeat superior liability because it had, and has, a policy and procedure to prevent and promptly correct any sexually harassing behavior, and Plaintiff unreasonable failed to take advantage of this policy. And to the extent that Defendants were aware of the allegations, they promptly and thoroughly investigated (with Plaintiff's claims being unsubstantiated), and otherwise took remedial and corrective action.

The same time-bar applies to Plaintiff's claims of retaliation. Furthermore, any and all actions with respect to Plaintiff's employment were taken for legitimate, non-discriminatory reasons and had no connection to her involvement in any protected activity. The discipline Plaintiff received throughout the course of her employment was appropriate given Plaintiff's continued egregious violations of not only County's and Sheriff's Office's rules, policies, and procedures, but also violations of Michigan law. For example, Plaintiff violated the Office's Use of Force and Use of Taser policies by deploying her taser at an inmate in an unnecessary and punitive manner. She further allowed an inmate to use her personal cell phone, a violation of Michigan law. Plaintiff continually flouted the rules designed to maintain order and safety in the jail, and she was disciplined accordingly.

In addition to these actions, Plaintiff routinely violated the Sheriff's Office policy with respect to cell phone use. In 2019, Plaintiff was confronted about her improper cell phone usage while on the clock. During an initial *Loudermill* hearing, she failed to truthfully respond to the questions that she was asked, prompting further investigation and multiple additional hearings.

Given her progressive disciplinary history, Plaintiff was ultimately presented with a Last Chance Agreement. She requested and was given the opportunity to consider and discuss the terms of the Agreement with whomever she wanted, and she did so. She further

negotiated the terms of the Agreement, requesting certain violations be removed, which the County agreed to do. She willingly signed the Agreement.

Subsequent to signing the Agreement, Plaintiff surprisingly and voluntarily submitted a notice of retirement and requested a retirement party. The Sheriff's Office then sent out an email notifying the team of Plaintiff's retirement and of the planned party. Shortly after the notice was sent, the Sheriff asked that Plaintiff reconsider her decision, and she decided not to retire after all. The Sheriff then sent a notification to the force that Plaintiff would not be retiring. However, less than an hour later, Plaintiff returned to the Sheriff's Office and submitted a letter of resignation. The next day, Plaintiff returned to the Office, turned in her equipment, and cleaned out her locker. Plaintiff was not terminated but voluntarily resigned her employment (despite having been encouraged to stay), not once, but twice. The County did not discriminate or retaliate against Plaintiff.

In addition, Defendant Ryan Boike did not unlawfully wiretap, eavesdrop, or conduct surveillance on a private conversation within the meaning of Michigan's eavesdropping statute. Nor were any false statements made about Plaintiff that were published to third parties with knowledge of the falsity of the statement or in reckless disregard for their truth.

5. **Prospects of Settlement:**

   The status of settlement negotiations is as follows:

   The parties have not come to a resolution regarding this matter.

6. **Pendent State Claims:**

   This case does include the following pendent state claims under Michigan's Elliott-Larsen Civil Rights Act: Sexual Harassment/Hostile Work Environment and Discrimination based on sex/gender, and Retaliation for having complained of unlawful acts of discrimination and/or harassment. This case also includes pendent state claims of defamation and wiretapping/eavesdropping in violation of Plaintiff's due process rights as an employee of Defendant County of Muskegon. There are no objections to the Court's exercise of jurisdiction over these claims.

7. **Joinder of Parties and Amendment of Pleadings:**

   The parties expect to file all motions for joinder of parties to this action and to file all motions to amend pleadings by **Friday, April 24, 2020**.

8. **Disclosures and Exchanges:**

   (a)  Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures shall be made by both Plaintiff and Defendants by **Friday, April 24, 2020**.

    (b)    Federal Rule of Civil Procedure 26(a)(2) Expert Disclosures shall be made as follows:

        Plaintiff expects to be able to furnish the names of Plaintiff's known retained expert witnesses to Defendants by **Monday, May 25, 2020**.

        Defendants expect to be able to furnish the names of Defendants' known retained expert witnesses to Plaintiff by **Friday, June 26, 2020**.

    (c)    In this case, it would be advisable to exchange written expert witness reports for retained experts as contemplated by the Federal Rule of Civil Procedure 26(a)(2).

        **Reports should be exchanged according to the following schedule:**

        Plaintiff expects to be able to furnish reports from Plaintiff's retained expert witnesses to Defendants by **Friday, July 10, 2020**.

        Defendants expect to be able to furnish reports from Defendants' retained expert witnesses to Plaintiff by **Monday, August 10, 2020**.

    (d)    The parties are unable to agree on voluntary production at this time.

9. **Discovery:**

The parties believe that all discovery proceedings can be completed by **Friday, September 25, 2020**.

The parties recommend the following discovery plan:

The parties agree to have factual and expert witnesses deposed pursuant to federal court rules. It is recommended that interrogatories be limited to twenty-five (25) questions per side, with relevant sub-parts to each question not included in the count, and depositions to be limited to ten (10) per side. It is also recommended that requests for admissions be limited to fifteen (15) per side. The parties agree that each deposition should not exceed seven (7) hours. There will be no deviations from these limitations unless mutually agreed upon by counsel or the Court is shown good cause by one of the parties.

The parties anticipate the need for a protective order to protect the confidential nature of some information likely to be exchanged in discovery, including personnel records of non-party employees, any investigative documents, medical documents and/or tax records. At this time, the parties believe they can stipulate to an agreed protective order.

10. **Disclosure or Discovery of Electronically Stored Information:**

All requests for electronically stored information and the production of same will be made in accordance with Federal Rule of Civil Procedure, including Rules 26 and 34, and the inadvertent production of any privileged or otherwise protected electronically stored

information shall be handled in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

    The inadvertent production of any privileged or otherwise protected information shall be handled in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

12. **Motions:**

    The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    The following dispositive motions are contemplated by each party:

    *Defendants contemplate filing motions for summary judgment.*

    *Plaintiff does not anticipate filing a motion for summary judgment, but does not rule it out as a possibility.*

    The parties anticipate that all dispositive motions will be filed by **Monday, October 26, 2020**.

13. **Alternative Dispute Resolution:**

    In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    The parties recommend this case be submitted to the following methods of alternative dispute resolution:

    The parties' preferred method of alternative dispute resolution is **Voluntary Facilitative Mediation** after some initial discovery has been completed.

14. **Length of trial:**

    Counsel estimates that trial will last approximately **5** full days total, allocated as follows: **2.5** days for Plaintiff's case, and **2.5** days for Defendants' case.

15. **Electronic Document Filing System:**

    Counsel acknowledge that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not

eligible for electronic filing under the rule. Counsel will abide by the requirements of this rule.

16. **Other:**

   Not applicable.

Dated: March 18, 2020               By:  /s/ Stephen R. Drew
                                         Stephen R. Drew (P24323)
                                         Adam C. Sturdivant (P72285)
                                         DREW, COOPER & ANDING
                                         Attorneys for Plaintiff
                                         80 Ottawa Avenue NW, Suite 200
                                         Grand Rapids, Michigan 49503
                                         Phone: (616) 454-8300
                                         E-mail: sdrew@dca-lawyers.com
                                         E-mail: asturdivant@dca-lawyers.com


Dated: March 18, 2020               By:  /s/ Laura Bailey Brown *(w/ permission)*
                                         Laura S. Amtsbuechler (P36972)
                                         Laura Bailey Brown (P79742)
                                         ROSATI, SCHULTZ, JOPPICH &
                                         AMTSBUECHLER
                                         Attorneys for Defendants
                                         27555 Executive Drive, Suite 250
                                         Farmington Hills, Michigan 48331
                                         Phone: (248) 489-4100
                                         E-mail: lamtsbuechler@rsjalaw.com
                                         E-mail: lbrown@rsjalaw.com