UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

-vs-

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-00940

HON: PAUL L. MALONEY

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com
_____/

## **STIPULATED PROTECTIVE ORDER**

This matter comes before the Court upon the parties' stipulation as to the entry of a protective order regarding the disclosure, dissemination, and use of certain information and documents in the parties' possession that are confidential in nature which include sensitive business and personal information of parties and non-parties, specifically, but not limited to: personnel files; discipline and training files of the individually-named Defendants; policies, procedures, and guidelines of the various law enforcement entities. Now, therefore, having been fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The supplying party may designate material, including paper or electronic document, written discovery responses, and/or deposition testimony or exhibits, as "Confidential" or "Confidential Information" if such party believes in good faith, and after reasonable inquiry, that such material is entitled to protection under Rule 26 or any other applicable law.

2. This Stipulated Protective Order ("Protective Order") shall govern the use and disclosure of all Confidential Information produced by or on behalf of a party in any court appearance, motion, deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action, but it does not relate to the use of Confidential Information at trial.

3. The designation of documents or other materials as "Confidential" shall be made by written notice or by stamping or marking them "Confidential." Documents so designated or marked and all Confidential Information derived therefrom shall be treated in accordance with the terms of this Protective Order. If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may request that the testimony, and relevant portions of the transcript thereof, be treated as "Confidential," within thirty (30) days of receipt of the final transcript. Inadvertent failure to designate a document or material as "Confidential" may be corrected by supplemental written notice as soon as is practicable.

4. In the event a party disagrees with the designation of any documents or information as "Confidential," the parties shall first try to resolve any dispute extra-judicially and in good faith. At a minimum, the party in disagreement with the designation shall give the designating party written notice of its disagreement, and the designating party shall respond in writing and substantiate the basis for such designation(s). If the parties cannot resolve the dispute, the party in disagreement with the designation may file a motion challenging the designation of Confidential Information, and the designating party shall bear the burden of establishing that the document in question is or contains Confidential Information and is properly designated as "Confidential." However, until such a time as the Court rules and

resolves the dispute, the designated Confidential Information shall continue to be subject to this Protective Order.

5. Confidential Information shall not be used by any of the parties in this action or by any other party or entity who receives or is given access thereto as authorized under this Protective Order, except solely for the purpose of prosecuting or defending claims in this action, including any appeals, and/or for settlement purposes. Confidential Information shall not be used for any business, competitive, commercial or any other purpose whatsoever.

6. Documents and materials designated "Confidential" shall be maintained in confidence pursuant to this Protective Order and shall not be disclosed, disseminated, or revealed to anyone except:

    a. As required by law or Court Order;

    b. As agreed upon in writing by the parties;

    c. Plaintiff and representatives of Defendants, to whom disclosure is required for the prosecution or defense of this action and/or evaluation or settlement purposes;

    d. Representatives of the Michigan Municipal Risk Management Authority;

e. Attorneys of record, their associated attorneys, paralegals, administrative staff;

f. Consulting experts or testifying expert witnesses (as provided for in Fed. R. Civ. P. 26(b)), their associates, assistants, and other personnel employed directly by the experts who agree to be bound by the terms of this Protective Order, provided that it is necessary to disclose the Confidential Information to them for purposes of this action;

g. Contractors who are specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

h. The Court in this action, or any other Court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction services;

i. Any non-party participant in any Mediation or Settlement Communication though said non-parties shall not retain a copy of documents containing Confidential Information.

      j.      Witnesses (and/or their counsel) during the course of trials, hearings and depositions (or in preparation therefore) in this action, or in the course of the preparation for his or her testimony, but only if they agree to be bound by the terms of this Protective Order.

7.      Confidential Information shall remain in the custody of the persons or entities so authorized to receive them and shall not be provided to other persons or entities except as provided for in this Protective Order.

8.      With each disclosure and dissemination of Confidential Information authorized to receive same pursuant to this Protective Order, the distributing party agrees to attach a copy of this Protective Order and advise the recipient of this Protective Order and its restrictions on disclosure, dissemination, and use of Confidential Information, and require that the recipient sign the attached Third-Party endorsement of Stipulated Confidentiality and Protective Order (Exhibit A).

9.      Unless otherwise ordered by the Court or agreed to by the parties (such as agreed upon redactions), if a party seeks to use or file any documents and deposition transcripts containing or reflecting Confidential Information with the Court, said party shall notify the designating party and afford it no less than three (3) business days to file a joint motion complying with LR 10.6(b) for leave to seal pursuant to LR 10.6 and applicable law.  Although filed jointly, the designating party

is responsible for preparing the joint motion, filing same, and making any and all arguments in support of the joint motion. The non-designating party shall not oppose the joint motion but shall have no further obligations under this Protective Order and does not waive any rights to challenge the designation of any documents or materials as "Confidential." If the joint motion is granted, the Confidential Information shall be filed according to the requirements of LR 10.6(b), and any filings shall comply with LR 10.6(b).

10. Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through such use. All such Confidential Information filed under seal shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto.

11. In the event the parties are unable to reach an agreement regarding the use of any Confidential Information or sealed documents at trial, the matter shall be submitted to the Court.

12. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Information as evidence at

trial, or during an evidentiary hearing in this action, provided that any party may seek an appropriate Court Order relating to the use of Confidential Information. Any document, exhibit, or transcript designated Confidential under this Protective Order, and that is otherwise admissible, may be used at trial, subject to the terms hereof, or as otherwise ordered by the Court.

13. In the event any party in possession of Confidential Information receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise, for the production or disclosure of any Confidential Information, that party shall immediately provide written notice to all attorneys of record, and shall not interfere with any action another party may elect to take to protect the Confidential Information. Upon receipt of the written notice of a subpoena or request for disclosure of Confidential Information from a party in possession, the burden of responding or opposing the request rests with the designating party.

14. Nothing contained in this Protective Order shall prejudice in any way the right of any party to seek, by way of consent of the parties or by application to the Court, (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Protective Order.

15. Documents or information produced by any party prior to the entry of this Protective Order by the Court, and subsequently designated as Confidential

Case 1:19-cv-00940-PLM-PJG   ECF No. 24 filed 09/08/20   PageID.116   Page 9 of 12

Information by any party within thirty (30) days of the entry of this Protective Order, will be subject to the provisions of this Protective Order to the same extent as if the Protective Order had been entered by the Court as of the date the documents or information were produced.

16. The restrictions set forth in this Protective Order shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Protective Order.

_____
Honorable Paul L. Maloney
U.S. District Court Judge

Approved as to Form:

/s/Stephen Drew (w/consent)
Attorney for Plaintiff

/s/Laura S. Amtsbuechler
Attorney for Defendants

# EXHIBIT A

## To Stipulated Confidentiality and Protective Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

                                              Case No. 1:19-cv-00940

-vs-

                                              HON:  PAUL L. MALONEY

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com
_____/

# THIRD-PARTY ENDORSEMENT OF STIPULATED CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

1. Third Party, _____, herby (i) consents to the terms and conditions of the Stipulated Confidentiality and Protective Order (the "Order"), as entered by the Court, and (ii) consents to the jurisdiction of the Court for purposed of enforcing the terms of the Order.

2. By executing the Third-Party Endorsement, the third-party agrees to abide by the terms and conditions of the Order.

3. The terms used in this Third-Party Endorsement have the same meanings as set forth in the Order.

4. A copy of this endorsement must be provided to Counsel for all parties as listed above in the case caption withing five (5) days of its execution.


Name:
Street Address: _____
City, State, ZIP: _____
Telephone: _____
Facsimile: _____
Counsel for Third Party: _____
Dated: _____

Signature: _____