UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

     Plaintiff,

                              Case No. 1:19-cv-00940

-vs-

                              HON:  PAUL L. MALONEY

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

     Defendants.

_____/

| | |
|---|---|
| STEPHEN R. DREW (24323) | ROSATI SCHULTZ JOPPICH |
| ADAM C. STURDIVANT (P72285) | & AMTSBUECHLER PC |
| DREW, COOPER & ANDING | LAURA  S.  AMTSBUECHLER |
| Attorneys for Plaintiff | (P36972) |
| 80 Ottawa Avenue, NW, Suite 200 | MELANIE M. HESANO (P82519) |
| Grand Rapids, MI 49503 | Attorneys for Defendants |
| (616) 454-8300 | 27555 Executive Drive, Suite 250 |
| sdrew@dca-lawyers.com | Farmington Hills, MI 48331 |
| asturdivant@dca-lawyers.com | (248) 489-4100 |
| | lamtsbuechler@rsjalaw.com |
| | mhesano@rsjalaw.com |

_____/

## **DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FACEBOOK MESSAGES & PHONE INSPECTION**

     Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH &

AMTSBUECHLER, PC, move this Court to compel the production of Plaintiff's

Facebook messages and Phone Inspection under Fed. R. Civ. P. 26, 34, and 37 and

for the reasons stated in the attached brief in support. Counsel has requested

concurrence through telephone conversations and written correspondence on several

occasions with regard to this Motion, and as recent as December 10, 2020, however,

no concurrence was received.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH
& AMTSBUECHLER, P.C.

/s/ Melanie M. Hesano
Laura S. Amtsbuechler (P36972)
Melanie M. Hesano (P82519)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
lambsbuechler@rsjalaw.com
mhesano@rsjalaw.com

DATED: 12/10/2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

     Plaintiff,

                                  Case No. 1:19-cv-00940

-vs-

                                  HON:  PAUL L. MALONEY

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

     Defendants.

_____/

| | |
|---|---|
| STEPHEN R. DREW (24323) | ROSATI SCHULTZ JOPPICH |
| ADAM C. STURDIVANT (P72285) | & AMTSBUECHLER PC |
| DREW, COOPER & ANDING | LAURA   S.   AMTSBUECHLER |
| Attorneys for Plaintiff | (P36972) |
| 80 Ottawa Avenue, NW, Suite 200 | MELANIE M. HESANO (P82519) |
| Grand Rapids, MI 49503 | Attorneys for Defendants |
| (616) 454-8300 | 27555 Executive Drive, Suite 250 |
| sdrew@dca-lawyers.com | Farmington Hills, MI 48331 |
| asturdivant@dca-lawyers.com | (248) 489-4100 |
| | lamtsbuechler@rsjalaw.com |
| | mhesano@rsjalaw.com |

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FACEBOOK MESSAGES & PHONE INSPECTION

# TABLE OF CONTENTS

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii,iv

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Argument

I.      Plaintiff is Compelled to Produce her Facebook Content . . . . .   5

II.     Plaintiff is Compelled to Produce her cell phone(s) and/or
        Phone chip(s) for inspection . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

# INDEX OF AUTHORITIES

**Cases**

*Ark Land Co. v. Harlan Land, LLC*, No. 6:10-CV-9-GFVT, 2011 U.S. Dist. LEXIS 125926 at *10 (E.D. Ky. Oct. 31, 2011) (citing *Invesco Inst. (N.A.), Inc v. Paas,* 244 F.R.D. 374, 380 (W.D. Ky. 2007))...................................................................5

Carfagno v. Jackson Nat'l Life Ins. Co., 2001 U.S. Dist. LEXIS 768, *3 (WD Mich)...........................................................................................................................8

*Diepenhorst v. City of Battle Creek*, No. 1:05-cv-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006) (citing *Simon Property Group, LP v. MySimon, Inc*., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000))............................................................9

*Georgel v Preece,* No. 0:13-CV-57-DLB, 2014 WL 12647776 at, *3 (E.D. Ky. February 28, 2014*)...........................................................................................5

*Howell v Buckeye Rach, Inc.,* 2012 WL 5265170, ( S.D. OH., October 1, 2012) citing, *Glazer v. Fireman's Fund Insurance Company*, 2012 WL 1197167, *3–*4 (S.D.N.Y. April 5, 2012) ............................................................................................6

*John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing *Balboa Threadworks v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006))...........................................................................................................................9

*Knop v. Johnson*, No G84-651, 1988 U.S. Dist. LEXIS 17974 at *3 (W.D. Mich. Mar. 23, 1988) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)...........................................................................................................................5

*Monat Global Corp. v. Miller,* No. 3:18-MC-24-J32MCR, 2018 WL 8578017, at *3 (M.D. Fla. Nov. 27, 2018) (citing *Adkisson v Jacobs Engineering,* No. 3:13-CV-505-TAV-HBG, 2020 WL 6549386, at *3 (E.D. Tenn. November 6, 2020) .7

*Potts v. Dollar Tree Stores, Inc*., 2003 WL 1176504 (M.D.Tenn. March 20, 2013). ..............................................................................................................................5

*T.C on Behalf of S.C. v. Metro. Gov't of Nashville,* No. 3:17-CV-01098, 2018 WL 3348728, at *14 (M.D. Tenn. July 9, 2018) ..............................................5

*Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D.Mich.2012). 6

**Rules**

Fed. R. Civ. P. 26 .......................................................................................... 5, 8, 10
Fed. R. Civ. P. 26(b)(1)........................................................................................4

Fed. R. Civ. P. 34(a)...............................................................................................8

Fed.R.Civ.P. 34 ....................................................................................................8

Fed.R.Civ.P. 37(a)(2)(B) .....................................................................................8

## INTRODUCTION

This Motion to Compel involves Plaintiff's failure to respond to a discovery request to produce her Facebook content, including private messages as well as her refusal to allow inspection of her cell phone. The requests were intended to obtain additional discoverable information concerning the alleged events which give rise to Plaintiff's Complaint and Plaintiff's alleged economic and non-economic damages. Plaintiff has admitted she has taken audio and/or video recordings of her co-workers/superiors while employed at the Muskegon County Jail. She also admitted that she uses Facebook Messenger to exchange messages with others and is Facebook friends with current and former Sheriff's Office employees.

## STATEMENT OF FACTS

Plaintiff Lori Lynn Heethuis is a former employee of the County of Muskegon where she worked as a Deputy Corrections Officer for the Muskegon County Sheriff's Office and the Muskegon County Jail.  [Doc. 1, PgID 4, ¶9].  Plaintiff makes allegations about purported gender discrimination (Counts I & IV), retaliation (Count III & VI), and eavesdropping (Count VIII).[1]

Plaintiff's Eavesdropping claim alleges that a co-worker wrongfully audio recorded her end of a call that she made using her cell phone at work.   Based upon

---

[1] The parties entered a stipulated order of partial dismissal, dismissing Counts II, V, and VII. [ECF 23].

1

information obtained in discovery, it is believed that Plaintiff likely did the same while at work.

Plaintiff resigned her employment after refusing to sign a last chance agreement relating to discipline for a number of issues, including lack of truthfulness. Some of the discipline was related to use of her cell phone. Plaintiff alleges that her discipline was discriminatory and retaliatory, thus placing the underlying events at issue.  The cell phone call during which Plaintiff's portion was recorded (and which Plaintiff alleges to have been Eavesdropping) was made in a control room at the jail on March 24, 2019. During the departmental investigation and in this litigation, Plaintiff has given many different statements regarding who she was talking to during that call. When asked for her phone during a follow up meeting with her superiors, on April 17, 2019, she stated that she did not have her phone with her. However, she was seen on jail video using her phone at work on that day. Defendants have requested Plaintiff's cell phone records in an attempt to determine the veracity of Plaintiff's statements, but to date, those have not been provided in a format that is credible or reliable. Many of Plaintiff's allegations are disputed by other witnesses and documents. Plaintiff's discovery responses have not been candid, and Defendants assert that the requested Facebook and cell phone information is necessary for the defenses asserted.  Plaintiff alleges lost wages and benefits based upon an intended retirement date contrary to what she has represented

in email and elsewhere. Her mitigation efforts are at issue. She also alleges that she sustained injuries including physical pain and suffering, mental anguish, fright, shock, embarrassment, mortification, humiliation, damage to reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of living, which is disputed. She alleges psychological injury as the result of the events at issue in this case, which is disputed. She alleges work related events as the basis for her claim, which are disputed. It is expected that Plaintiff's phone information and messages contain evidence regarding these issues.

Defendants served Plaintiff with Interrogatories and Requests for Production of Documents on 07/03/2020. Specifically, in Request for Production No. 8, Ex.1, p. 13, Plaintiff's Responses to Defendants' First Interrogatories and Request for Production of Documents, Defendants requested that Plaintiff produce a copy of her entire Facebook content, including private messages. In response, Plaintiff objected to the request stating the information being sought is overly broad, sensitive in nature and not relevant to the claims of the lawsuit. Ex.1, p. 13.

Furthermore, by way of correspondence, Defendants narrowed the Request to only include Plaintiff's private Facebook content, including messages and posts for the following time frame and matters: 2014 to present-anything related to Sheriff's Office and or events at work there; 2014 to present- all messages to or from co-workers at Sheriff's Office or other County employees; and 2017 to present-anything

related to your clients mental state, emotional distress, or psychological treatment; 2018 to present – anything related to retirement plans and search for other work. Ex. 2, Correspondence to Plaintiff's Counsel.

Defendants also served Plaintiff with Third Requests for Production of Documents on 10/27/2020. Specifically, in Request to Production No. 1, Ex. 3, Defendants requested to produce for inspection the cell phone chips(s) from Plaintiff's Samsung cell phone device(s) about which Plaintiff testified at her deposition. In Request for Production No. 2, Defendants requested Plaintiff to produce for inspection the cell phone(s) she used in 2017, 2018, and 2019. In Request for Production No. 3, Defendants requested Plaintiff to produce all audio recordings of conversations by or with employees of Muskegon County of the Muskegon County Sheriff which were recorded by Plaintiff, whether on her phone or any other device.

Responses to the Third Request for Production were due on November 27, 2020. To date, Plaintiff has failed to respond to these requests.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 37(a)(3) provides that a party may move for a court order compelling discovery responses. Fed. R. Civ. P. 26(b)(1) permits a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." "This rule of relevancy has been broadly read, to encompass matters

that might bear on, or might lead to matters that could bear on 'any issue that is or may be in the case.' " *Knop v. Johnson*, No G84-651, 1988 U.S. Dist. LEXIS 17974 at \*3 (W.D. Mich. Mar. 23, 1988) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A request for discovery should be considered to be seeking relevant information if the moving party may show any possibility that the information sought may be relevant to the claim or defense of any party in the action. Fed. R. Civ. P. 26(b)(1); *See Ark Land Co. v. Harlan Land, LLC*, No. 6:10-CV-9-GFVT, 2011 U.S. Dist. LEXIS 125926 at \*10 (E.D. Ky. Oct. 31, 2011) (citing *Invesco Inst. (N.A.), Inc v. Paas,* 244 F.R.D. 374, 380 (W.D. Ky. 2007)).

## ARGUMENT

### I. PLAINTIFF IS COMPELLED TO PRODUCE HER FACEBOOK CONTENT.

There is no dispute that social media information may be a source of relevant information that is discoverable. *Georgel v Preece,* No. 0:13-CV-57-DLB, 2014 WL 12647776 at, \*3 (E.D. Ky. February 28, 2014*)*. Nonpublic social media data is generally not privileged, nor is it protected by common law or civil law notions of privacy. *Potts v. Dollar Tree Stores, Inc*., 2003 WL 1176504 (M.D.Tenn. March 20, 2013). A party seeking private social media information must establish under Fed. R. Civ. P (26) that the requested discovery is relevant and proportional to the needs of the case. *T.C on Behalf of S.C. v. Metro. Gov't of Nashville,* No. 3:17-CV-01098, 2018 WL 3348728, at \*14 (M.D. Tenn. July 9, 2018). Relevant information in the

private section of a social media account is discoverable. *Howell v Buckeye Rach, Inc.,* 2012 WL 5265170, ( S.D. OH., October 1, 2012) citing, *Glazer v. Fireman's Fund Insurance Company*, 2012 WL 1197167, *3–*4 (S.D.N.Y. April 5, 2012). It is not privileged nor protected from production by a common law right of privacy. *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D.Mich.2012).

Plaintiff's Facebook postings, photographs, and private messages before and after her departure from the Muskegon County Sheriff's Department are relevant to her alleged injuries and damages. By filing this lawsuit, Plaintiff has placed her credibility, work related events, intended retirement date, physical, mental and emotional well-being at issue. Any information that relates to these issues, is discoverable. Social media communications are no different than more traditional modes of communication. The discoverability of Plaintiff's private Facebook messages and posts should be treated in the same manner as the discoverability of Plaintiff's text messages and e-mails.

During Plaintiff's deposition, she admitted that she uses Facebook Messenger to exchange messages with others. Ex. 4, Plaintiff's Deposition, p. 186. She is Facebook friends with current and former Sheriff's Office employees. Ex. 4, p. 186. Plaintiff further testified that she may have exchanged Facebook messages with people about the "goings-on" at the Sheriff's Office. Ex. 4 p. 187. Plaintiff's testimony provides a sufficient showing that the requested Facebook content is

reasonably calculated to lead to the discovery of admissible evidence. Similarly, in *Monat Global Corp. v. Miller,* the court found that the Defendant properly established the relevancy of social media information through deposition testimony. *Monat Global Corp. v. Miller,* No. 3:18-MC-24-J32MCR, 2018 WL 8578017, at *3 (M.D. Fla. Nov. 27, 2018) (citing *Adkisson v Jacobs Engineering,* No. 3:13-CV-505-TAV-HBG, 2020 WL 6549386, at *3 (E.D. Tenn. November 6, 2020).

Defendants request it not overly broad and is proportional to the needs of this case. Defendants did not ask for content from every social media outlet, instead, Defendants only requested content from one social media outlet, Facebook. Furthermore, the narrowed Request only requests Plaintiff's private Facebook content, including messages and posts for the following time frame and matters: 2014 to present-anything related to Sheriff's Office and or events at work there; 2014 to present- all messages to or from co-workers at Sheriff's Office or other County employees; and 2017 to present-anything related to your clients mental state, emotional distress, or psychological treatment; 2018 to present – anything related to retirement plans and search for other work. Ex. 2. The Request is limited in time and the content is related and relevant to the allegations of her Complaint.

Furthermore, Plaintiff's Facebook content is relevant not only to liability, but also to damages as it may relate to her search for work, her intended retirement date, her credibility, her efforts to mitigate as well as her psychological/emotional state.

Plaintiff's objection to the production of her Facebook content due to its sensitive and personal nature, is not a reason for failure to produce because the requested Facebook content would be subject to the Protective Order filed in this case. [ECF 25].  For these reasons, Plaintiff should be compelled to produce the requested Facebook content.

## II.   PLAINTIFF IS COMPELLED TO PRODUCE HER CELL PHONE(S) AND/OR PHONE CHIP(S) FOR INSPECTION.

When a party fails to respond to a Request for Inspection submitted pursuant to Fed.R.Civ.P. 34, or fails to permit the inspection as requested, the party seeking discovery may move for an order compelling the requested inspection. Fed.R.Civ.P. 37(a)(2)(B). Fed. R. Civ. P. 34(a) allows a party to serve a request "to inspect and copy, test, or sample any tangible things" which fall within the scope of discovery under Fed. R. Civ. P. 26.

Failure to object to discovery requests within the thirty days provided by Fed.R.Civ.P.  34 constitutes a waiver of any objection. See *Carfagno v. Jackson Nat'l Life Ins. Co*., 2001 U.S. Dist. LEXIS 768, *3 (WD Mich), and the authorities cited therein. Responses to Defendants' Third Request for Production were due on November 27, 2020. To date, Plaintiff has failed to respond to these requests. Defendants' counsel has sent multiple correspondences to Plaintiff's counsel inquiring about the requests, specifically asking for a mutually agreeable time and place for the phone inspection. Ex. 5, Correspondences to Plaintiff's Counsel.

8

However, to date, Defendants have not responded to the Requests or correspondences.  Plaintiff has not shown good cause for failing to respond to these requests. Therefore, Plaintiff has waived all objections related to Defendants' Third Request for Production of Documents.

Specifically, in Request to Production No. 1, Ex. 3, Defendants requested to produce for inspection the cell phone chips(s) from Plaintiff's Samsung cell phone device(s) about which Plaintiff testified at her deposition. In Request for Production No. 2, Defendants requested Plaintiff to produce for inspection the cell phone(s) she used in 2017, 2018, and 2019. Request for Production No. 3, Defendants requested Plaintiff to produce all audio recordings of conversations by or with employees of Muskegon County of the Muskegon County Sheriff which were recorded by Plaintiff, whether on her phone or any other device. Ex. 3.

The forensic inspection of electronic devices and systems requires a showing that such a request is proportional to the needs of a case. The forensic imaging "is not uncommon in the course of civil discovery." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing *Balboa Threadworks v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)). In fact, federal courts "have assumed that the provisions of Rule 34(a) concerning inspection, copying, and testing of tangible objects are sufficient to authorize a court to order reproduction of an entire hard drive using the 'mirror image' method." *Diepenhorst v. City of Battle*

*Creek*, No. 1:05-cv-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006)

(citing *Simon Property Group, LP v. MySimon, Inc*., 194 F.R.D. 639, 640-41 (S.D.

Ind. 2000)).

     As a threshold matter, the inspection of Plaintiff's cell phone(s) and/or cell

phone chips used in 2017, 2018 and 2019 as well as the production of any audio in

Plaintiff's possession related to her employment, are relevant and proportional to the

needs of this case pursuant to Fed. R. Civ. P. 26. Plaintiff has alleged that she would

record her co-workers when they would be violating Department policy(s). She

alleges that although her co-workers would violate policy, they would not be

disciplined for it. She alleges she was disciplined for violations, but her co-workers

were not. Plaintiff has admitted she has taken audio and/or video recordings of her

co-workers/superiors while employed at the Muskegon County Jail. During her

deposition she admitted that some of the video recordings may be on a phone chip(s).

Ex. 4, p. 75. She admitted that the phone chips are somewhere in her home and she

may have video recordings on them. Ex. 4, 76. Furthermore, information obtained

through the cell phone inspection would be subject to the Protective Order filed in

this case. [ECF 25]. Defendants have offered to craft a protocol for the inspection of

Plaintiff's cell phone and phone chip(s) as well as the time, place and manner it will

be performed. Defendants are planning to use forensic expert, Cary Wilson, from

N1 Discovery to perform the inspection. However, to date, Plaintiff has failed to respond to any correspondences regarding the inspection.

For these reasons, Plaintiff should be compelled to provide her cell phone(s), phone chips(s), and any other audio/video recordings, pursuant to Defendants' Third Request for Production of Documents.

## CONCLUSION

For the reasons stated above, these Defendants request this Court grant Defendants' Motion to Compel Plaintiff's Facebook content and phone inspection.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH
& AMTSBUECHLER, P.C.

/s/ Melanie M. Hesano
Laura S. Amtsbuechler (P36972)
Melanie M. Hesano (P82519)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
lambsbuechler@rsjalaw.com
mhesano@rsjalaw.com

DATED: 12/10/2020

11

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on 12-10-20.

BY:   ☐ U.S. Mail          ☐ Telefacsimile

☐ Hand Delivered  ☐ Overnight courier

☐ Federal Express ☒ Other: **_E-filing_**

Signature:

s/      Julie Doll _____