# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-940

HON. PAUL L. MALONEY

| | |
|---|---|
| Stephen R. Drew (P24323) | Laura S. Amtsbuechler (P36972) |
| Adam C. Sturdivant (P72285) | ROSATI, SCHULTZ, JOPPICH & |
| DREW COOPER & ANDING | AMTSBUECHLER |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 80 Ottawa Avenue NW, Suite 200 | 27555 Executive Drive, Suite 250 |
| Grand Rapids, Michigan 49503-2648 | Farmington Hills, Michigan 48331 |
| Phone: (616) 454-8300 | Phone: (248) 489-4100 |
| E-mail: sdrew@dca-lawyers.com | E-mail: lamtsbuechler@rsjalaw.com |
| E-mail: asturdivant@dca-lawyers.com | |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES
AND REQUESTS TO PRODUCE**

Plaintiff, Lori Heethuis, by and through her attorneys, DREW COOPER & ANDING, provides the following response to Defendants' First Interrogatories and Requests to Produce. Plaintiff reserves the right to supplement this response as additional information becomes available.

## INTERROGATORIES

1.  For all employers prior to, during, and subsequent to, your employment with Defendant, please state the following:

    A.  The name and address of each employer;
    B.  The nature of the employment;
    C.  The time period during which you worked at each employment, specifying exact dates; and,
    D.  Sign and return an authorization for release of records as to each employer identified.

**ANSWER:**

**Dennis Cobbler, D.O.**
**808 Terrace Street**
**Muskegon, Michigan 49440**
**Position: Office Manager**
**Approximate Period of Employment: July 1987 to 1998**

**County of Muskegon's Sheriff's Office**
**25 West Walton**
**Muskegon, Michigan 49444**
**Position: Deputy Corrections Officer**
**Approximate Period of Employment: April 11, 1998 to April 23, 2019**

**La Fiesta Chip Company**
**8155 Cook Street**
**Montage, Michigan 49437**
**Position: Factory Laborer**
**Approximate Period of Employment: April 24, 2020 to May 8, 2020**

**Rite Aid**
**2580 Lake Avenue**
**North Muskegon, Michigan 49445**
**Position: Shift Supervisor**
**Approximate Period of Employment: May 14, 2020 to July 4, 2020**

**America's Best Contacts & Eyeglasses**
**3295 Henry Street, Suite C**
**Muskegon, Michigan 49441**
**Position: Optician**
**Approximate Period of Employment: July 13, 2020 to Present**

**Plaintiff is enclosing signed authorizations and expects that Plaintiff's counsel will receive copies of all requests for records made by Defendants, and a copy of all records received.**

**Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

2. Have you been involved, or are you presently involved, in any civil lawsuits other than this lawsuit? If your answer is in the affirmative, for each lawsuit state:

    A. The full name of the suit;
    B. The nature of the action; and,
    C. The name and address of the court in which it was filed.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 2 to the extent that it seeks information unrelated to the present claim that is the subject of this lawsuit as any unrelated charges or complaints are not relevant or proportional to the needs of the case. (FRCP 26).**

**Without waiving the above objection, Plaintiff filed an appeal with the Unemployment Insurance Appeals Commission and the Muskegon County Circuit Court regarding an Order and Decision entered by Lisa D. Dahlquist, Administrative Law Judge, on February 10, 2020 affirming the Agency's August 30, 2019 Redetermination disqualifying Lori Heethuis from receiving benefits pursuant to Section 29(1)(a) of the Michigan Employment Security Act (*Lori Heethuis v. County of Muskegon*, Docket No. 19-017831, Case No. 14292152).**

3. Other than any matters described in your answer to the above interrogatory, have you asserted any other claims for injuries, discrimination, or harassment, either before or after the incidents involved in this case? If so, for each claim, please indicate the following:

    A. Date and location of the incident;
    B. Nature of the injury received; and,
    C. Name and address of all persons, companies or entities against whom or which the claim was asserted.

**ANSWER:**

**Around November 10, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the County of Muskegon (E.E.O.C. Charge No. 471-2015-00116). Plaintiff's charge included claims of discrimination, sexual harassment, a hostile work environment and/or retaliation because of her sex/gender and/or**

**for having reported the discrimination and harassment and for having complained of and opposed practices in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act.**

    4.    Do you claim as damage in this lawsuit any lost income? If so, please indicate:

        A.    The amount of income lost;

        B.    The basis for your computation of lost income;

        C.    Whether the lost income has been paid by any other source (*i.e.*, disability or workers' comp); and,

        D.    Produce copies of all documents that support your claim for lost income or are a basis for your computation of lost income.

**ANSWER:**

**Plaintiff has sustained economic damages as a result of the incident and events that are the subject of Plaintiff's Complaint. Plaintiff has suffered wage loss as a result of being terminated by Defendant County of Muskegon, and will continue to suffer wage loss into the future even though she has worked to mitigate her damages. Wage loss is anticipated to include continuing wages lost as a result of being terminated by Defendant and the value of the fringe benefits. Other economic damages may also be related to Defendants' actions, including loss of annual cost-of-living increases, bonuses, and other benefits Lori Heethuis may have earned and received had she remained in her position as a Deputy Corrections for the County of Muskegon. Plaintiff will supplement this answer as soon as a damage assessment has been completed, which may require expert input and analysis. Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

    5.    List each item of economic damage claimed by you, other than lost income as identified in your response to No. 6, above, and state:

        A.    The nature of the economic loss claimed;

        B.    The amount of economic loss claimed;

        C.    The basis for your computation of the amount of economic loss claimed; claimed; and,

        D.    Produce copies of all documents in support of each item of economic loss claimed.

**ANSWER:**

**Plaintiff refers Defendants to Plaintiff's answer to Interrogatory No. 4. Furthermore, Plaintiff claims loss of prospective retirement benefits, holiday and vacation pay, longevity pay, health, dental, and vision benefits, life insurance, and applicable seniority, raises, overtime, opportunities for training and promotions, and other employment benefits. As**

indicated above, Plaintiff will supplement this answer as soon as a full damage assessment has been completed, which may require expert input and analysis. Plaintiff reserves the right to supplement this answer, as discovery is ongoing.

6. Have you treated with or consulted with any psychologist, psychiatrist, social worker, clergyman or other professional regarding the mental distress alleged in your Complaint?

**ANSWER:**

**Yes, Plaintiff has treated with Diane C. Streng, M.A., John R. Beyer, D.O., and Matthew N. Powell, D.O. Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

7. If your response to the proceeding interrogatory was in the affirmative, please state:
    A. The name and address of each and every such person visited;
    B. The dates that you consulted with, or treated with each and every such professional; and
    C. Complete, sign and return the enclosed authorization form for release of records for each and every such person.

**ANSWER:**

**Diane C. Streng, M.A.**
**Counseling & Consulting, LLC**
**41 Washington Street, Suite 370**
**Grand Haven, Michigan 49417**

**John R. Beyer, D.O.**
**4 West 12th Street**
**Holland, Michigan 49423**

**Matthew Powell, D.O.**
**Shoreline Family Medicine, PC**
**5933 Grand Haven Road**
**Muskegon, Michigan 49441**

**Plaintiff is enclosing signed authorizations and expects that Plaintiff's counsel will receive copies of all requests for records made by Defendants, and a copy of all records received.**

**Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

8. Do you allege any physical injury as a result of the incidents alleged within your Complaint? If so, set forth the exact nature of all present physical complaints which you allege are attributable to the incidents complained of.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 8 on the grounds that it is vague and to the extent that it calls for legal conclusions. Plaintiff alleged multiple incidents in her Complaint and is unable to determine with certainty the incidences to which Defendants refer, as well as the scope of "physical injury," or manifestations thereof, requested.**

9. If you have been hospitalized or treated by a doctor or, medical professional related to the incidents complained of in this lawsuit, list the names and addresses of all such hospitals, doctors, clinics or other medical institutions with which you were a patient as well as the dates of confinement in any hospital or treatment. Complete, sign and return a copy of the enclosed record release authorization as to each.

**ANSWER:**

**Plaintiff refers Defendants to Plaintiff's answer to Interrogatory No. 7.**

10. List chronologically with dates, the names and addresses of all doctors, psychologists, psychiatrists, counselors, social workers, addiction, drug or alcohol treatment, or other health care professionals with whom you have treated or consulted, for the past 15 years and the nature of the reason for treatment or consultation. Complete, sign and return a copy of the enclosed record release authorization as to each.

**ANSWER:**

**Plaintiff refers Defendants to Plaintiff's answer to Interrogatory No. 7. In addition, Plaintiff was treated by the following:**

**Mark DeHaan, M.D.**
**1111 Leffingwell Avenue NE,**
**Grand Rapids, Michigan 49525**
**Nature of Treatment: Carpel Tunnel**

**Michael Tomaszczyk**
**865 Oak Road**
**Muskegon, Michigan 49441**
**Nature of Treatment: Hemorrhoid Surgery.**

**Plaintiff is enclosing signed authorizations and expects that Plaintiff's counsel will receive copies of all requests for records made by Defendants, and a copy of all records received.**

**Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

11. Give the names and addresses of all facilities or hospitals, including rehabilitation or psychiatric, where you have been either an in-patient or an out-patient during the past 15 years, and as to each, give:

 A. Date of admission and discharge;
 B. Nature of the ailment or illness for which you were hospitalized; and,
 C. Complete, sign and return a copy of the enclosed record release authorization as to each.

**ANSWER:**

**Plaintiff refers Defendants to Plaintiff's answers to Interrogatory Nos. 7 and 10.**

12. Have you discussed this case with any potential expert witnesses or do you intend or expect to call an expert to testify on your behalf at the time of trial? If so, please state as to each expert consulted or each expert who might testify:

 A. His or her name;
 B. Subject matter on which the expert is expected to testify; and,
 C. Produce a copy of the CV or resume of each expert.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 12 to the extent that the information sought is protected by attorney work product.**

**Without waiving the above objection, Plaintiff has not yet decided if any individuals will be retained as expert witnesses to testify at trial. Plaintiff may use economist Dr. Scott Vander Linde to testify as an expert regarding the economic losses sustained by Plaintiff as a result**

**of the incidents and events that are the subject of Plaintiff's Complaint. Dr. Vander Linde's curriculum vitae is attached as Exhibit 7.**

**Plaintiff may also use as expert witnesses any and all physicians, psychologists, psychiatrists, and health care professionals who may have examined and/or treated Plaintiff prior to and/or as a result of the incidents that are the subject of Plaintiff's Complaint, including but limited to Diane C. Streng, M.A., John R. Beyer, D.O., and Matthew Powell, D.O. If asked to testify, their expert opinions will be based on a review and analysis of Plaintiff's medical records, their own evaluation and treatment of Plaintiff, and their own knowledge and experience as health care professionals and specialists. While Plaintiff may use the following as expert witnesses, Plaintiff reserves the right to supplement this response and/or substitute should the experts named below become unavailable.**

**Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

13. Have you ever filed for bankruptcy? If so, please state the date, and the court where filed.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 13 to the extent that it seeks information unrelated to the present claim that is the subject of this lawsuit.**

**Without waiving the above objection, Plaintiff filed for bankruptcy on or around February 18, 2016 at the United States Bankruptcy Court, Western District of Michigan.**

14. Have you ever made a claim for social security disability? If so, state when and identify copies of all filings.

**ANSWER:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff has not ever made a claim for social security disability.**

15. Have you received Medicaid for payment of any medical or mental health care in the past 5 years?

**ANSWER:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff received Medicaid for approximately one month around February 2020.**

16. Have you ever made a claim against an employer under the worker's compensation law of the State of Michigan or any other state? If so, state the name and address of each such employer, the date of the accident, the nature of the injury, and the name of the worker's compensation carrier involved.

**ANSWER:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff made a claim against the County of Muskegon for worker's compensation benefits relating to an injury to her wrist while working as a deputy corrections officer for the County of Muskegon Sheriff's Office. No worker's compensation benefits were received by Plaintiff.**

17. Do any statements, reports, synopsis, or investigative documents exist in any form, regarding this matter? If so, for each statement or other such item, please indicate:

   A. A description of each item that exists, that is, whether it is a witness statement, accident report, investigative report or otherwise;
   B. The name, address and telephone number of the person making each statement or report; and,
   C. Produce a copy of all such items in the possession of Plaintiff's attorneys.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 17 to the extent that it is overly broad and vague.**

**Without waiving the above objection, Plaintiff's employment records, unemployment records, and EEOC records may contain statements, reports, or investigative documents regarding this matter. Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

18. Have you spoken with, or in any way communicated with any defendant or representative of any defendant regarding the allegations contained within your Complaint, and if so, please state:

   A. The name of any such person;
   B. The date of the communication;

   C. Whether written documentation of the communication exists, and in what form;

   D. The substance of the communication; and

   E. Produce copies of any written or recorded communications from Defendant or Defendants' representative regarding the allegations contained within your Complaint.

**ANSWER:**

**Objection. Plaintiff objects to Interrogatory No. 18 to the extent that it is overly broad and vague.**

**Plaintiff refers Defendants to Plaintiff's Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) for a list of individuals who may have discoverable information regarding the allegations contained within Plaintiff's Complaint. Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

  19. List every job for which you have applied during your employment and since leaving employment with Defendant, and as to each:

   A. Produce a copy of all correspondence to and from each job prospect; and

   B. State your reason for not becoming employed with each job prospect.

**ANSWER:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff sought employment at the following companies since being terminated from Defendant County of Muskegon:**

**FairLife**
**JSJ Corporation**
**Brinks, Inc.**
**Securitas**
**Art Van Furniture**
**Automatic Spring Products Corp.**
**Oceana County Jail**
**Frito Lay Co.**
**Arconic**
**Lorin Industries**
**Terry Nolan, Esq.**
**Wesco, Inc.**
**Muskegon Christian School**
**Muskegon Public School**
**Mona Shores High School**
**Allendale Public School**

**Walker Charter Academy**
**GE Aviation**
**ClickBid**
**Bella Sol Wellness Centers**
**Shoreline Motors**
**Anchor Property Management**
**Park Place Provisionary**
**Almond Products**
**Macatawa Bank**
**Spectrum Health**
**Tradewind Car Co.**
**Blarney Castle Oil Co.**
**Airway Oxygen, Inc.**
**Spring Lake Dentistry**
**Michigan Coastal Credit Union**
**Access Health, Inc.**
**Torreson Marine, Inc.**
**Precision Power Offshore**
**Van Tubergen, Treutler & Hayes**
**Shoreline Vision**

**Plaintiff reserves the right to supplement this answer, as discovery is ongoing.**

## REQUESTS TO PRODUCE

1. Please produce any and all photographs, video recordings, audio recordings and/or other graphic depictions or recordings relating to any subject matter pertaining to this lawsuit.

**RESPONSE:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff does not have any photos or recordings pertaining to the incidents and events that are the subject of Plaintiff's Complaint. Plaintiff reserves the right to supplement this response, as discovery is ongoing.**

2. Please produce all exhibits upon which you may rely during trial or in any deposition of this matter.

**RESPONSE:**

**Objection. Plaintiff objects to Request No. 2 to the extent that it is overly broad.**

**Without waiving the above objection, Plaintiff does not know at this time which documents may be used as exhibits in trial or in a deposition, as it is still early in discovery and depositions have not yet been scheduled. Plaintiff will submit trial exhibits pursuant to the Court's Case Management Order. Plaintiff reserves the right to supplement this response, as discovery is ongoing.**

3. Please produce any and all diaries, calendars, journals, or written records of any events that are a subject matter of your Complaint in this lawsuit.

**RESPONSE:**

**Objection. Plaintiff objects to Request No. 3 to the extent that it is overly broad and vague.**

**Without waiving the above objection, to the best of Plaintiff's knowledge and recollection, Plaintiff is not in possession of any diaries, calendars, or journals regarding the events that are the subject of Plaintiff's Complaint.**

4. Please produce any and all documents referenced in the Complaint and any amendments thereto.

**RESPONSE:**

**Plaintiff refers Defendant to the following records currently in Plaintiff's possession. Plaintiff reserves the right to supplement this response, as discovery is ongoing.**

| | |
|---|---|
| **Exhibit 1** | **Employment records** |
| **Exhibit 2** | **Unemployment records** |
| **Exhibit 3** | **EEOC records** |
| **Exhibit 4** | **Medical records** |
| **Exhibit 5** | **Tax records** |
| **Exhibit 6** | **Deposition transcript of Plaintiff's testimony in** *Michelle Semelbauer, et al. v. Muskegon County, et al.* |

5. Please produce any and all communications between Plaintiff and third parties relating to any of the allegations in Plaintiff's Complaint and any amendments thereto.

**RESPONSE:**

**Objection. Plaintiff objects to Request No. 5 on the grounds that it is overly broad and vague, and that the request seeks information that is not relevant or proportional to the needs to this case.**

6. Please produce any and all W-4s, W-2s, 1099s, retirement statements, and tax returns for Plaintiff from 2016 through the present.

**RESPONSE:**

**Plaintiff refers Defendants to Exhibit 5.**

7. Please produce any and all documents evidencing any and all medical benefits, dental benefits, vision benefits, retirement benefits, life insurance, and any other fringe benefits offered to or received by Plaintiff from 2017 through the present.

**RESPONSE:**

**To the best of Plaintiff's knowledge and recollection, Plaintiff is not in possession of any documents responsive to this request.**

8. Produce a copy of Plaintiff's entire Facebook content, including private message and all photos and postings, from January 1, 2014 through the present, using the instructions attached as Exhibit A. Produce a digital copy of the contents as per the direction in Exhibit A.

**RESPONSE:**

**Objection. Plaintiff objects to Request No. 8 to the extent that it is overly broad and seeks personal, sensitive information that is not relevant and unrelated to the present claim that is the subject of this lawsuit and not relevant or proportional to the needs to this case.**

Dated: August 3, 2020                     By:    /s/ Stephen R. Drew
                                                                    Stephen R. Drew (P24323)
                                                                    Adam C. Sturdivant (P72285)
                                                                    DREW COOPER & ANDING
                                                                    Attorneys for Plaintiff
                                                                    80 Ottawa Avenue NW, Suite 200
                                                                    Grand Rapids, Michigan 49503
                                                                    Phone: (616) 454-8300
                                                                    E-mail: sdrew@dca-lawyers.com
                                                                    E-mail: asturdivant@dca-lawyers.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-940

HON. PAUL L. MALONEY

| Stephen R. Drew (P24323) | Laura S. Amtsbuechler (P36972) |
|---|---|
| Adam C. Sturdivant (P72285) | ROSATI, SCHULTZ, JOPPICH & |
| DREW COOPER & ANDING | AMTSBUECHLER |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 80 Ottawa Avenue NW, Suite 200 | 27555 Executive Drive, Suite 250 |
| Grand Rapids, Michigan 49503-2648 | Farmington Hills, Michigan 48331 |
| Phone: (616) 454-8300 | Phone: (248) 489-4100 |
| E-mail: sdrew@dca-lawyers.com | E-mail: lamtsbuechler@rsjalaw.com |
| E-mail: asturdivant@dca-lawyers.com | |

_____/

## CERTIFICATE OF SERVICE

    I, Stephen R. Drew, certify that I am an attorney with the law firm of DREW COOPER & ANDING, and on August 3, 2020, **Plaintiff's Response to Defendants' First Interrogatories and Requests to Produce** was served via *Electronic Mail* on counsel for Defendants at the email address listed above. I declare the above information is true to the best of my knowledge, information, and belief.

Dated:  August 3, 2020        By:  /s/ Stephen R. Drew
                                                  Adam C. Sturdivant (P72285)
                                                DREW COOPER & ANDING
                                                Attorneys for Plaintiff
                                                80 Ottawa Avenue NW, Suite 200
                                                Grand Rapids, Michigan 49503
                                                Phone: (616) 454-8300
                                                E-mail: sdrew@dca-lawyers.com