UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.

Case No. 1:19-cv-940

HON. PAUL L. MALONEY

_____/

| | |
|---|---|
| Stephen R. Drew (P24323) | Laura S. Amtsbuechler (P36972) |
| Adam C. Sturdivant (P72285) | Melanie M. Hesano (P82519) |
| DREW COOPER & ANDING | ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 80 Ottawa Avenue NW, Suite 200 | 27555 Executive Drive, Suite 250 |
| Grand Rapids, Michigan 49503-2648 | Farmington Hills, Michigan 48331 |
| Phone: (616) 454-8300 | Phone: (248) 489-4100 |
| E-mail: sdrew@dca-lawyers.com | E-mail: lamtsbuechler@rsjalaw.com |
| E-mail: asturdivant@dca-lawyers.com | E-mail: mhesano@rsjalaw.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FACEBOOK MESSAGES AND PHONE INSPECTION**

    Plaintiff, Lori Lynn Heethuis, by her attorneys, DREW COOPER & ANDING, submits the following brief in response to Defendants' Motion to Compel Plaintiff's Facebook Messages and Phone Inspection.  Defendants moved this Court to compel the production of Plaintiff's Facebook messages and a forensic inspection of her personal cell phone under Fed. R. Civ. P. 26, 34, and 37.

    For reasons explained in Plaintiff's attached Brief in Response, Plaintiff requests that if appropriate safeguards cannot be made as to Plaintiff's personal information that is not relevant to this case, then Plaintiff respectfully requests that this Court DENY Defendants' motion and request for the

forensic inspection and examination of Plaintiff's cell phone and cell phone chip, as it infringes on Plaintiff's privacy rights. If this Court finds that a forensic inspection of Plaintiff's personal cell phone and cell phone chip is warranted, Plaintiff respectfully requests that this Court issue an Order outlining reasonable protective parameters limiting the scope and nature of Defendants' inspection to protect the privacy rights of Plaintiff given the sensitive and personal nature of information stored on a cell phone and cell phone chip.

Furthermore, Plaintiff has informed Defendants that we are currently reviewing the voluminous Facebook data we have downloaded and will begin producing relevant Facebook messages to Defendants early next week, and then supplementing production daily until all of Plaintiff's relevant private messages have been reviewed, redacted, and produced to Defendants.

Dated: December 24, 2020            By: /s/ Stephen R. Drew
                                        Stephen R. Drew (P24323)
                                        Adam C. Sturdivant (P72285)
                                        DREW COOPER & ANDING
                                        Attorneys for Plaintiff
                                        80 Ottawa Avenue NW, Suite 200
                                        Grand Rapids, Michigan 49503-2648
                                        Phone: (616) 454-8300
                                        E-mail: sdrew@dca-lawyers.com
                                        E-mail: asturdivant@dca-lawyers.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

 Plaintiff,

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

 Defendants.
_____/

Case No. 1:19-cv-940

HON. PAUL L. MALONEY

| | |
|---|---|
| Stephen R. Drew (P24323) | Laura S. Amtsbuechler (P36972) |
| Adam C. Sturdivant (P72285) | Melanie M. Hesano (P82519) |
| DREW COOPER & ANDING | ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 80 Ottawa Avenue NW, Suite 200 | 27555 Executive Drive, Suite 250 |
| Grand Rapids, Michigan 49503-2648 | Farmington Hills, Michigan 48331 |
| Phone: (616) 454-8300 | Phone: (248) 489-4100 |
| E-mail: sdrew@dca-lawyers.com | E-mail: lamtsbuechler@rsjalaw.com |
| E-mail: asturdivant@dca-lawyers.com | E-mail: mhesano@rsjalaw.com |

_____/

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FACEBOOK MESSAGES AND PHONE INSPECTION**

I.     **STATEMENT OF FACTS**

Plaintiff Lori Johnson Heethuis, with a hire date of April 11, 1998, had been a Deputy Corrections Officer for Defendant County of Muskegon's Sheriff's Office for over 21 years. Historically, beginning in 2009, Plaintiff was physically and sexually harassed by two male employees, one of whom was a Sergeant. In addition to complaints that she made regarding this harassment, on October 19, 2016, Plaintiff testified in a deposition about the discriminatory jail conditions that existed for the female inmates, and the facts supporting the claims of gender discrimination and claims of male corrections officers violating the constitutional rights of female inmates in a case filed by the ACLU against the County of Muskegon, *Semelbauer, et al. v. Muskegon County, et al.* Before her deposition, Plaintiff was approached by Captain Mark Burns who attempted to persuade her to have a convenient lapse of memory.[1] In 2017, after Defendant Poulin became Sheriff, the case was settled for a significant amount on behalf of the female inmates. She was advised again by Captain Burns that the Sheriff was not pleased with her testimony.[2]

A portion of her claim in this matter is that in retaliation for her testimony, she was targeted and disciplined, and eventually forced to sign a Last Chance Agreement or be terminated on April 23, 2019, after 21 years of employment. Defendant County of Muskegon called Plaintiff into a meeting and demanded that within five minutes she sign a "Last Chance Agreement" that was in reality a Full Release of all sexual harassment, retaliation, employment and Civil Rights claims or actions she had, with a threat that if she did not sign, she would immediately be terminated. Plaintiff then revoked the "Last Chance Agreement" because she signed the Agreement under duress and because it took away all of her rights.

---

[1] Exhibit 1, Lori Heethuis Dep., p. 58.
[2] *Id.*, p. 59.

While being disciplined for things she believed male officers were not disciplined for, Plaintiff did use her cell phone at times to tape or record fellow employees using their phones or doing things that she would be disciplined for. On or about August 13, 2020, Plaintiff did supply Defendants with the recordings she could find on her phone. She only used her cell phone, not any other recording device, to do this and believes that she may have deleted some of these recordings.[3]  Plaintiff believes any information from her prior cell phones was transferred to her current cell phone.

Defendants are now requesting that Plaintiff provide her private Facebook content, including messages and posts for matters from 2014 to the present that are related to the Sheriff's Office or events at work there;  from 2014 to the present regarding all messages to or from coworkers at the Sheriff's Office or with other County employees; from 2017 to the present for anything related to her mental state, emotional distress, or psychological treatment; and, from 2018 to the present regarding anything related to her retirement plans and search for other work.  We are not disputing that case law allows the discovery of relevant Facebook posts and private messaging, and we have been involved in the process of acquiring and reviewing the rather extensive data for this request. We are currently reviewing and redacting Plaintiff's Facebook messages, which includes over 3,700 pages of messages that may fall within Defendants' request for private messages going back 6 years. Because the records are voluminous and because we are going through each page to redact private messaging conversations that are not relevant, we have informed Defendants that we will begin producing Plaintiff's relevant Facebook messages early next week and then supplementing production daily until all of Plaintiff's relevant private messages have been reviewed, redacted, and produced to Defendants.

---

[3] Exhibit 2, Affidavit of Lori Heethuis.

Defendants are also now requesting that the Plaintiff turn over her only cell phone to them for forensic evaluation and assumedly to download all information found on her cell phone chip for review not only by their expert but also by the Defendants, subject to a protective order. Plaintiff's mother is extremely ill and in a fragile condition at this point in time,[4] and Plaintiff's husband Damon has been diagnosed with and is experiencing a severe illness requiring medical treatment. Neither Plaintiff nor her husband can be without a phone for any extended period of time.[5]

Although Defendants have indicated that a forensic copying of Plaintiff's cell phone chip information will take approximately an hour, Plaintiff is understandably and reasonably concerned that her personal information on her phone will be identified and viewed by her former employers and employees, including the Defendants in this matter, and/or disseminated to her former employers by the forensic examiner unless appropriate safeguards are in place, as Defendants' request for the forensic inspection and examination of Plaintiff's cell phone and cell phone chip infringes on Plaintiff's privacy rights given the sensitive and personal nature of information and data stored on cell phones and cell phone chips.

Plaintiff is not objecting to the discovery of the tapes of conversations she was a part of with employees, or tapes of employees using their cell phones when she was disciplined for pulling hers out, as it may be relevant to her retaliation claims if they can be retrieved. As indicated, Plaintiff has already provided Defendants with what she retrieved from her phone in that regard.[6]

## II.     CONCLUSION

For the reasons identified above, if appropriate safeguards cannot be made as to Plaintiff's personal information that is not relevant to this case, then Plaintiff respectfully requests that this Court

---

[4] Exhibit 3, Damon Heethuis Dep. (Rough Draft Transcript), p. 105.
[5] Exhibit 2, Affidavit of Lori Heethuis; and Exhibit 3, Damon Heethuis Dep., p. 104.
[6] Exhibit 4, Plaintiff's First Supp Resp to Defendants' First Req to Produce, August 13, 2020.

DENY Defendants' motion and request for the forensic inspection and examination of Plaintiff's cell phone and cell phone chip, as it infringes on Plaintiff's privacy rights. If this Court finds that a forensic inspection of Plaintiff's personal cell phone and cell phone chip is warranted, Plaintiff respectfully requests that this Court issue an Order outlining reasonable protective parameters limiting the scope and nature of Defendants' inspection to protect the privacy rights of Plaintiff given the sensitive and personal nature of information stored on cell phones and cell phone chips.

Furthermore, as identified above, Plaintiff has informed Defendants that we are currently reviewing and redacting the voluminous Facebook data we have downloaded from Plaintiff's Facebook account (3,700 pages of messages that may fall within Defendants' request for private messages going back 6 years), and we will begin producing relevant Facebook messages to Defendants early next week, and then supplementing production daily until all of Plaintiff's relevant private messages have been reviewed, redacted, and produced to Defendants.

Dated: December 24, 2020 By: /s/ Stephen R. Drew
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503-2648
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com

5

Case 1:19-cv-00940-PLM-PJG   ECF No. 42,  PageID.341   Filed 12/24/20   Page 8 of 8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,　　　　　　　　　　　Case No. 1:19-cv-940

　　　Plaintiff,　　　　　　　　　　　　　　　　　HON. PAUL L. MALONEY

v.

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

　　　Defendants.
_____/

| Stephen R. Drew (P24323) | Laura S. Amtsbuechler (P36972) |
| Adam C. Sturdivant (P72285) | Melanie M. Hesano (P82519) |
| DREW COOPER & ANDING | ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 80 Ottawa Avenue NW, Suite 200 | 27555 Executive Drive, Suite 250 |
| Grand Rapids, Michigan 49503-2648 | Farmington Hills, Michigan 48331 |
| Phone: (616) 454-8300 | Phone: (248) 489-4100 |
| E-mail: sdrew@dca-lawyers.com | E-mail: lamtsbuechler@rsjalaw.com |
| E-mail: asturdivant@dca-lawyers.com | E-mail: mhesano@rsjalaw.com |

_____/

## CERTIFICATE OF SERVICE

　　　I, Stephen R. Drew, certify that I am an attorney with the law firm of DREW COOPER & ANDING, and on December 24, 2020, the foregoing document was electronically filed with the Clerk of the Court using the U.S. District Court for the Western District of Michigan CM/ECF Filing System, and that copies will be provided to all Attorneys of Record via the CM/ECF System.

Dated:  December 24, 2020　　　　　　　　By:   /s/ Stephen R. Drew
　　　　　　　　　　　　　　　　　　　　　　　　Stephen R. Drew (P24323)
　　　　　　　　　　　　　　　　　　　　　　　　DREW COOPER & ANDING
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　80 Ottawa Avenue NW, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Grand Rapids, Michigan 49503
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (616) 454-8300
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: sdrew@dca-lawyers.com