UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LORI LYNN HEETHUIS,

     Plaintiff,

                                     Case No. 1:19-cv-00940

-vs-

                           HON:  PAUL L. MALONEY
                           MAG. JUDGE: PHILLIP GREEN

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

     Defendants.
_____/

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com
_____/

## <u>JOINT PROTECTIVE ORDER REGARDING CELL PHONE INSPECTIONSAND PRODUCTION OF CELL PHONE DATA</u>

This matter having come before this Court on Defendant's Motion to Compel discovery and Magistrate Green having issued an order compelling production pursuant to a protocol and protective order, the parties stipulate, that the cellular devices and related cloud storage of Plaintiff Lori Lynn Heethuis and her husband Damon Heethuis shall be produced for inspection and the contents of the devices and cloud storage searched and produced pursuant to the terms of this Order.

**IT IS HEREBY ORDERED THAT:**

1.      N1 Discovery, through Cary Wilson ("Mr. Wilson"), will conduct the inspection on both Plaintiff's and Damon Heethuis' cell phones and related cloud accounts.

2.      On a mutually agreed upon date, place and time, Mr. Wilson and N1 Discovery, only, will have access to the entire contents of both Plaintiff and Damon Heethuis cell phones and cloud storage accounts at which time both phones and cloud storage will be forensically imaged. Plaintiff and Damon Heethuis will provide Mr. Wilson with credentials to access cloud storage where any other phone data may be stored and provide assistance in the event that there is multi-factor authentication enabled on any account. Plaintiff and Damon Heethuis will also

provide Mr. Wilson with any other computer or external storage device that may have been used to create local backups of the cell phones.

3.      Mr. Wilson will identify the contents of the phones with the corresponding phone numbers. Plaintiff's cell phone number is 231-457-3669. Damon Heethuis' cell phone number is 231-457-3661.

4.      Mr. Wilson will then search the forensically imaged data from the cell phones, as well as any other forensically imaged device or account, for the particular information agreed upon and outlined in **Exhibit A**, an itemized list of search parameters.

5.      Mr. Wilson will then provide the extracted information, whose parameters are outlined in Exhibit A, to Plaintiff's counsel, for his review.  Mr. Wilson will place an identification number on all documents, audio, and/or video given to Plaintiff's counsel for review. At the same time, Mr. Wilson will provide counsel for Defendants with a list of the quantity, and type of data (i.e., video, audio, email, text messages) provided to Plaintiff's Counsel for review.

6.      Upon Plaintiff's counsel's review, he is required to create a log related to any documents to be withheld for privilege. The log shall indicate the identification number as well as the reason for withholding. Plaintiff's counsel will complete this review within two weeks of receipt of the data from Mr. Wilson. Upon completion of Plaintiff's counsel's review, the relevant content and a copy of the

privilege log will be produced to Defendants by Plaintiff's counsel, or unless other arrangements are agreed upon by all parties.

7.     All content and information obtained by Mr. Wilson/N1 Discovery shall be destroyed within 30 days after dismissal or entry of final judgement not subject to further appeal.

8.     Mr. Wilson/N1 Discovery is prohibited from disclosing any content or information not agreed upon in this Order. Violation of this Order may result in penalties for contempt of court.

9.     All content and information obtained through the cell phone inspections are subject to the Protective Order filed in this case. [ECF 25].


_____

Magistrate Judge Phillip Green
U.S. District Court Magistrate Judge


Approved as to Form:

s/Stephen R. Drew (w/consent)          /s/Melanie M. Hesano
Stephen R. Drew (24323)                Melanie M. Hesano (P82519)
Attorney for Plaintiff                 Attorney for Defendants

# EXHIBIT A

1.     N1 Discovery, through Cary Wilson ("Mr. Wilson"), shall search the cell phone used by Plaintiff in 2017, 2018, and 2019 for production of documents, email, texts, video recordings and audio recordings related to her employment with Muskegon County, her claims of liability and her alleged damages. More specifically, Plaintiff's cell phone and cloud storage shall be searched, and the documents produced as follows:

    a. All audio and/or video recordings, excluding music files, recorded at the Muskegon County Sheriff's offices/Jail, the Muskegon County Human Resources offices and recordings of conversations with any employee of same. If the device enabled geotagging, Mr. Wilson will produce all video taken from the vicinity of   Muskegon County Jail, Muskegon County Human Resources and the Offices of the Muskegon County Sheriff.

    b. All text messages and/or email to from or about Plaintiff's employment at the jail, discipline and/or her coworkers;

    c. All text messages and/or email communications about retirement and/or health insurance;

    d. All text messages and/or email about her allegations of sexual assault, harassment or retaliation;

    e. All text messages and/or email about her psychological state and/or treatment; and

    f. All text messages and/or email regarding her search for employment.

2.     Mr. Wilson shall search and produce Plaintiff's phone activity, as on the phone and in cloud storage, including but not limited to call logs, text messages, email, audio recordings, and/or video recordings, from the following days utilizing any of the metadata dates:

    a.  11/17/2017;
    b.  11/20/2017;
    c.  12/11/2017;

       d.  03/07/2019;
       e.  11/19/2017;
       f.  01/14/2019;
       g.  03/24/2019;
       h.  04/11/2019;
       i.  04/17/2019;
       j.  04/21/2019;
       k.  04/22/2019;
       l.  04/23/2019; and
       m. 04/26/2019.

3.     Mr. Wilson shall search and produce Plaintiff's cell phone and cloud storage for the text messages and e-mails regarding information identified in paragraph 1, using the following key words and their derivatives:

       a.  Harassment;
       b.  Discipline
       c.  Retaliate
       d.  Outburst
       e.  Retirement
       f.  MERS
       g.  Insurance
       h.  Health insurance
       i.  Cancer
       j.  Anxiety
       k.  Jail
       l.  Work
       m. Sheriff
       n.  Undersheriff
       o.  Boike
       p.  "Boinke"
       q.  VanderLaan
       r.  Video
       s.  Gilchrest
       t.  Geoghan
       u.  Sex
       v.  ACLU
       w. Nate

     x.  Stephenson
     y.  Poulin
     z.  Last chance agreement
    aa. Lawsuit
    bb.Media
    cc. Record

4.     Mr. Wilson shall search the cell phone and cloud storage of Damon Heethuis and shall only produce any audio and/or video recordings, excluding music files, taken at the Muskegon County Jail, Muskegon County Human Resources or Offices of the Muskegon County Sheriff in 2016, 2017, 2018, and 2019..  If the device enabled geotagging, Mr. Wilson will produce all video taken from the vicinity of  Muskegon County Jail, Muskegon County Human Resources and the Offices of the Muskegon County Sheriff.