UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

-vs-

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-00940

HON: PAUL L. MALONEY

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com_____/

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH DISCOVERY ORDER AND TO COMPEL PRODUCTION OF CELL PHONE RECORDS DUE TO FAILURE TO COMPLY WITH DISCOVERY ORDER**

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, request that this court order Plaintiff to produce her cell phone, in a timely manner in an effort to reset her phone so that N1 Discovery can continue efforts to obtain data as per this Court's previous Discovery Order [ECF 54] and to enter an Order compelling the production of itemized phone records from Damon Heethuis' Xfinity account for both his and Plaintiff's phone records previously requested in discovery and now necessary due to the inability to obtain data from Plaintiff's phone.

This motion is brought pursuant to Fed. R. Civ. P. 26, 34, and 37 and for the reasons stated in the attached brief in support. Counsel has requested concurrence as recent as recently as February 22, 2021, however, no concurrence was received.

                                  Respectfully submitted,

                                  ROSATI, SCHULTZ, JOPPICH
                                  & AMTSBUECHLER, P.C.

                                  /s/ Melanie M. Hesano
                                  Laura S. Amtsbuechler (P36972)
                                  Melanie M. Hesano (P82519)
                                  Attorney for Defendants
                                  27555 Executive Drive, Ste. 250
                                  Farmington Hills, MI 48331
                                  (248) 489-4100

Date: February 25, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

-vs-

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.

Case No. 1:19-cv-00940

HON:  PAUL L. MALONEY

_____
STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH DISCOVERY ORDER AND TO COMPEL PRODUCTION OF CELL PHONE RECORDS DUE TO FAILURE TO COMPLY WITH DISCOVERY ORDER**

1

Case 1:19-cv-00940-PLM-PJG   ECF No. 73,  PageID.403   Filed 02/25/21   Page 4 of 20

## **TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

Statement of Facts ……………………………………………….........     1

Background………………………………………………………………     1
      Failure to Comply with Court Order ……………………....…     3
      Failure to Provide Credible Xfinity Cell Phone Records …………     5

Argument
I.    Plaintiff failed to comply with Court Order regarding her cell
      Phone and cloud inspection ……………………………………….     8

II.   Plaintiff is compelled to produce her and her husband's Xfinity
      Phone records ……………………………………………………     10

Relief Requested ……………………………………………………………     14

i

## INDEX OF AUTHORITIES

**Cases**

*Ark Land Co. v. Harlan Land, LLC*, No. 6:10-CV-9-GFVT, 2011 U.S. Dist. LEXIS 125926 at *10 (E.D. Ky. Oct. 31, 2011) (citing *Invesco Inst. (N.A.), Inc v. Paas,* 244 F.R.D. 374, 380 (W.D. Ky. 2007)) ............................................................ 11

*Knop v. Johnson*, No G84-651, 1988 U.S. Dist. LEXIS 17974 at *3 (W.D. Mich. Mar. 23, 1988) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ....................................................................................................................... 11

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................ 10
Fed. R. Civ. P. 37(a)(3) ............................................................................................ 10
Fed. R. Civ. P. 37(b)(2) .............................................................................................. 8
Fed. R. Civ. P. 37(b)(2)(A)-(C) ................................................................................. 8
FRCP 37 (b)(2)(C) ................................................................................................... 15

**INTRODUCTION**

This Motion involves Plaintiff's failure to comply with a court order [ECF 53 and ECF 54][1] regarding the inspection of her cell phone as well as failure to provide Xfinity cell phone records in a format that is credible or reliable. After constant requests to schedule the forensic imaging of the cell phones as well as production of relevant cell phone records in a reliable format, Plaintiff's counsel agreed to a date for the forensic imaging of the cell phones. Plaintiff produced unreliable cell phone records on the discovery cut-off date, February 15, 2021, and Defendants only recently learned that Plaintiff's husband did not cooperate with efforts to subpoena the relevant cell phone records.

**STATEMENT OF FACTS**

**BACKGROUND:**

Plaintiff Lori Lynn Heethuis is a former employee with the Muskegon County Sheriff's Office where she worked as a Deputy Corrections Officer at the Muskegon County Jail. [Doc. 1, PgID 4, ¶9]. Plaintiff makes allegations about purported gender discrimination (Counts I & IV), retaliation (Count III & VI), and eavesdropping (Count VIII).

Plaintiff's Eavesdropping claim alleges that a co-worker wrongfully audio recorded her end of a call that she made using her cell phone at work on March 24,

---

[1] This Order was jointly filed by both parties on January 22, 2021 and was entered by this Court on January 26, 2021.

1

2019. Plaintiff resigned her employment after refusing to sign a last chance agreement relating to discipline for a number of issues, including lack of truthfulness. Some of the discipline was related to use of her cell phone.

Plaintiff alleges that her discipline was discriminatory and retaliatory, thus placing the underlying events at issue. The cell phone call during which Plaintiff's portion was recorded (and which Plaintiff alleges to have been Eavesdropping) was made in a control room at the jail on March 24, 2019. During the departmental investigation and in this litigation, Plaintiff had given many different statements regarding who she was talking to during that call. When asked for her phone during a follow up meeting with her superiors, on April 17, 2019, she stated that she did not have her phone with her. However, she was seen on jail video using her phone at work on that day. Also in 2019, when command staff asked to look at Plaintiff's phone to determine who she had been talking to during the call, she claimed that her phone had run an "update" and she had lost her call logs.[2] (Ex. 1, Transcription of Audiotape from 04/22/2019 Meeting, at p. 15.) The discipline which Plaintiff alleges to have been a retaliatory adverse action relates to her cell phone use and her truthfulness, both of which are at issue.

The content of Plaintiff's cell phone both as to her calls on these dates and other content such as recordings, as itemized in Defendant's Motion to Compel, as

---

[2] Strikingly similar to her current claim that her phone has suddenly stopped working due to an unknown glitch.

2

well as itemized phone records which show what calls were made by specific phones on March 24 and April 17, 2019 are directly relevant to Plaintiff's allegations and the defenses to this case.

**FAILURE TO COMPLY WITH A COURT ORDER:**

After several attempts to gain voluntary compliance, and ultimately the filing of a motion to compel, Magistrate Judge Green heard Defendants' Motion to Compel the phone inspections of both Plaintiff and her husband, Damon Heethuis' cell phones on January 8, 2021.[ECF 40]. On that same date, the Court ordered the parties to file a joint protective order regarding the phone inspections to create a protocol for the search. On January 22, 2021, the parties submitted the joint protective order which was subsequently entered on January 28, 2021. [ECF 53]. Pursuant to the protective order, the parties stipulated that the cellular devices and related cloud storage of Plaintiff and her husband, Damon Heethuis shall be produced for inspection and the contents of the devices and cloud storage searched and produced pursuant to the terms of the Order. [ECF 54].

On February 3, 2021 and February 8, 2021, correspondences were sent to Plaintiff's counsel to set up a time a place for the forensic expert to conduct the forensic imaging of the cell phones. **Ex, 2, Correspondence to Plaintiff's counsel.** It was not until February 9, 2021 that Defense counsel received a phone call from Kathryn Boyd, Plaintiff's counsel's paralegal, who provided dates for the forensic

3

imaging to take place. *Id.* Due to Plaintiff's alleged work schedule, the agreed upon date to conduct the forensic imaging was February 15, 2021, which also happened to be the discovery cutoff date.

In correspondence on February 3 and 8, Plaintiff's counsel was reminded, per the Court Order, that Plaintiff and her husband were to provide their cloud login credentials to the expert, Mr. Jeremy Dinsmore.[3] **Ex. 2.** Mr. Dinsmore arrived at Plaintiff's counsel's office only to find that Plaintiff claimed her phone has been "glitchy" for a few weeks and completely stopped working on February 12, 2021.[4] **Ex. 3, Memo from N1 Discovery regarding Onsite Forensic Imaging on 02/15/2021.** Mr. Dinsmore was unable to forensically image Plaintiff's phone. Furthermore, not only did Plaintiff provide Mr. Dinsmore with an inoperative phone, she did not produce her cloud login credentials. She claimed she was unable to recall her password. Mr. Dinsmore offered to assist her in resetting her password, however, she needed access to her cell phone in order to receive the verification code to reset. She also claimed to be unable to recall the password to her backup e-mail.

N1 discovery has researched options and has suggested that they attempt a reset. **Ex. 4, Correspondence from N1 Discovery**. Defense counsel has contacted Plaintiff's counsel to get this done and it was not until February 24, 2021 when

---

[3] On February 15, 2021, pursuant to the court order, Damon Heethuis provide his cloud account credentials to Mr. Dinsmore. Mr. Dinsmore was able to forensically image Damon Heethuis' cell phone.
[4] Plaintiff's counsel provided no advance notice to Defense counsel of this potential problem.

4

Plaintiff's counsel provided Plaintiff's cloud account credentials to Defendants. On that date, Plaintiff also agreed to send her inoperable cell phone to the forensic expert in an attempt to revive it. **Ex. 5, Correspondences to Opposing Counsel regarding Plaintiff's Cell Phone; Ex. 12, Correspondence from Opposing Counsel regarding Plaintiff's Cloud Credentials & Cell Phone.** The forensic expert indicated that there is no guarantee that he will be able to recover the phone, however, at this point, that is the only option. **Ex. 4.**

**FAILURE TO PROVIDE CREDIBLE XFINITY CELL PHONE RECORDS:**

Defendants have requested Plaintiff's cell phone records, through subpoena, and through Requests to Produce, in an attempt to determine the veracity of Plaintiff's inconsistent statements regarding her cell phone use. To date, those records have not been provided in a format that is credible or reliable. Importantly, Plaintiff seems to have two cell phone carriers, with an Xfinity account in her husband's name.

Plaintiff has been aware that her cell phone records have been requested, by way of discovery, since September 30, 2020. **Ex. 6, Defendants' Second Request for Production.** In response to Defendants' Second Request for Production of Documents, Plaintiff produced alleged itemized Xfinity phone records of both Plaintiff and her husband. **Ex. 7, Plaintiff's Response to Defendants' Second Requests for Production.** These records were redacted and provided no information that would authenticate that the records were produced by

5

Xfinity. The alleged Xfinity records did not have page numbers and appear to be a reformatted spreadsheet done by Plaintiff or her husband. The alleged records appear to show Plaintiff's husband receiving a call from her on March 24, 2019 at 5:08 p.m. but do not show Plaintiff's outgoing call.

Furthermore, in Plaintiff's response to Defendants' Second Request for Production of Documents, Plaintiff stated that *"Plaintiff is sending Damon Heethuis' call log to show that the recorded call Plaintiff made to her husband on March 24, 2019 was actually made at 5:08 p.m. Plaintiff believes the 9:08 p.m. entry on her call log detail for March 24, 2019 is an error." **Id.*** Forensic expert Benjamin Gonzlaes forensically imaged the cell phone of Defendant Deputy Ryan Boike, in an effort to retrieve the March 24, 2019 recording in its native format. Per his report, the recording on March 24, 2019 occurred at 5:12 p.m. and was not enhanced. **Ex. 8, Ben Gonzalez Expert Report.** The alleged phone "records" provided by Plaintiff and her husband are not credible in light of this.

Due to the lack of credibility of the records, Defendants subpoenaed Plaintiff and her husband, Damon Heethuis' Xfinity records. Damon Heethuis is the Xfinity accountholder. Each of them signed an authorization for a release of their phone records. Defendants, through Records Deposition Service, subpoenaed the Xfinity phone records on December 7, 2020. Pursuant to the Cable Act, when Xfinity receives a subpoena, even with a notarized authorization, Xfinity must contact the account holder in order to verify their account

6

information. Only upon verification by the accountholder, can the records be released to a third party. If verification cannot be obtained, the third party must obtain a court order to release the records. Plaintiff's husband, Damon Heethuis, is the Xfinity accountholder for both of their phone records. Plaintiff's husband was allegedly unable to verify his account with Xfinity, and therefore, Xfinity was unable to produce the necessary records to Defendants. After several efforts to gain compliance, Defendants were informed of this on February 17, 2021. **Ex. 9, Correspondence from Records Deposition Service.**

Instead, unbeknownst to Defense counsel, Xfinity released Damon Heethuis' phone records to him on a disc on December 23, 2020. **Ex. 10, Plaintiff's Supplemental Responses to Defendants' Second Requests for Production.** It was not until February 15, 2021, the day discovery closed, that Plaintiff's counsel produced Damon Heethuis' alleged phone records. *Id.* The phone records that were produced make no indication that the records are complete or that the records actually came from Xfinity. There are no page numbers on the records or any information verifying the records are from Xfinity. These appear to be, again, the reformatted spread sheet prepared by Plaintiff or her husband. A request for a copy of the Xfinity disc was made to Plaintiff's counsel, however, to date, no response or acknowledgment of the request has been made.

# ARGUMENT

### I. Plaintiff failed to comply with a court order regarding her cell phone and cloud inspection.

If a party fails to obey an order to provide or permit discovery, Fed. R. Civ. P. 37(b)(2) provides for severe consequences. Fed. R. Civ. P. 37(b)(2) applies when there has been an order entered by the court. The scope of Fed. R. Civ. P. 37(b)(2) is broad, extending to any order "to provide or permit discovery," Sanctions under Fed. R. Civ. P. 37(b)(2) may be imposed on any party who fails to comply with an order to provide or permit discovery. Possible sanctions include treating certain matters as established, prohibiting a party from supporting or opposing a claim or defense, striking pleadings, dismissing an action in its entirety, and/or awarding costs. Fed. R. Civ. P. 37(b)(2)(A)-(C).

Plaintiff's cell phone has been a central aspect of this case since the filing of her Complaint. More specifically, Plaintiff has been on notice that her cell phone was requested for inspection as early as October 27, 2020. **Ex. 11 Defendants' Third Request to Produce.** Plaintiff never responded to Defendants' Third Request to Produce regarding her cell phone inspection, forcing Defendants to file a motion to compel. [ECF 40]. On January 28, 2021, this Court granted Defendants Motion to Compel [ECF 54], ordering that Plaintiff and her husband, Damon Heethuis' cell phones be forensically imaged and inspected pursuant to the joint stipulated protective order [ECF 53], outlining the parameters of the search. The Protective

8

Order and Order to Compel ordered Plaintiff and her husband to produce their cell phones for inspection as well as provide their cloud account to be inspected as well.

With no advance notice of any problems, when forensic expert, Mr. Dinsmore got to Plaintiff's counsel's office on February 15, 2021, Plaintiff handed him an inoperative phone. Plaintiff alleges her phone has been "glitchy" for a few weeks and completely stopped working on February 12, 2021. **Ex. 3.** Although Plaintiff's counsel was aware of Plaintiff's phone on the date it stopped working, Defendants' counsel was not made aware until Mr. Dinsmore's arrival at Plaintiff's counsel's office on February 15, 2021. Mr. Dinsmore was unable to forensically image Plaintiff's phone. Furthermore, not only did Plaintiff provide Mr. Dinsmore with an inoperative phone, she was also allegedly unable to produce her cloud login credentials. She did not have her password and had made no advance efforts to get it. Multiple correspondences had been sent to Plaintiff's counsel providing reminders that per the court's order, Plaintiff and her husband were to provide their cloud login credentials to Mr. Dinsmore. **Ex. 2.**

Plaintiff has failed to comply with the court's order to produce her cell phone for inspection. Throughout the entire discovery period, Plaintiff has been far from candid or cooperative, and as detailed in the Motion to Compel, Defendants have good reason to believe that the phone contains relevant and material evidence. The peculiar timing of her cell phone becoming inoperable raises many concerns.

9

Plaintiff had allegedly been aware that her phone has been "glitchy" for weeks and failed to make mention of it until the day her phone was supposed to be forensically imaged. **Ex. 3.**

Given Plaintiff's repeated, untimely cooperation throughout discovery and consistent with this Court's Order to Compel[5], Defendants request that this Court enter an Order compelling Plaintiff to produce her cell phone within one (1) day of this Court's order (via Overnight shipping), so that N1 Discovery can attempt to reset the device to obtain the data which she was ordered to produce. Defendants also request that the device be inspected for water damage, in order to determine whether spoliation occurred. If the phone is unable to be revived, a spoliation of evidence motion will be forthcoming. Defendants request that Plaintiff keep and preserve her cell phone until further court order.

## II. Plaintiff is compelled to produce her and her husband's Xfinity phone records.

Fed. R. Civ. P. 37(a)(3) provides that a party may move for a court order compelling discovery responses. Fed. R. Civ. P. 26(b)(1) permits a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." "This rule of relevancy has been broadly read, to encompass matters

---

[5] For example, Plaintiff's counsel had been allegedly reviewing Plaintiff's voluminous Facebook messages since November 2020. On 01/08/2021, the date of the Motion to Compel [ECF 40] hearing, Plaintiff's counsel produced 551 out of 3,773 messages and assured supplementation for the remainder of the messages. However, Defendants did not receive the remaining Facebook messages until 02/15/2021, the day discovery closed.

10

that might bear on, or might lead to matters that could bear on 'any issue that is or may be in the case.' " *Knop v. Johnson*, No G84-651, 1988 U.S. Dist. LEXIS 17974 at *3 (W.D. Mich. Mar. 23, 1988) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A request for discovery should be considered to be seeking relevant information if the moving party may show any possibility that the information sought may be relevant to the claim or defense of any party in the action. Fed. R. Civ. P. 26(b)(1); *See Ark Land Co. v. Harlan Land, LLC*, No. 6:10-CV-9-GFVT, 2011 U.S. Dist. LEXIS 125926 at *10 (E.D. Ky. Oct. 31, 2011) (citing *Invesco Inst. (N.A.), Inc v. Paas,* 244 F.R.D. 374, 380 (W.D. Ky. 2007)).

It was not until February 17, 2021, when Defendants were made aware that Plaintiff's husband, who is the Xfinity accountholder, failed to verify his Xfinity account, requiring Defendants to get a court order in order to retrieve the itemized phone records that were subpoenaed on December 7, 2020. **Ex. 9.** Unbeknownst to Defendants, Plaintiff's husband has been in possession of his actual phone records since December 23, 2020; which were not produced to Defendants until his production of what appear to be reformatted spread sheets on the discovery cut-off date, February 15, 2021. **Ex. 10.**

11

As a threshold matter, both Plaintiff and her husband's cell phone records are relevant and proportional to the needs of this case pursuant to Fed. R. Civ. P. 26.[6] Itemized cell phone records must be obtained through the cell phones' provider, as the actual cell phone devices do not maintain call logs several years back.

The cell phone call during which Plaintiff's portion was recorded (and which Plaintiff alleges to have been Eavesdropping) was made in a control room at the jail on March 24, 2019. During the departmental investigation and in this litigation, Plaintiff has given many different statements regarding who she was talking to during that call. When asked for her phone during a follow up meeting with her superiors, on April 17, 2019, she stated that she did not have her phone with her. However, she was seen on jail video using her phone at work on that day. She later claimed that her call log had mysteriously been wiped from her phone. Defendants have requested Plaintiff's cell phone records in an attempt to determine the veracity of Plaintiff's statements, but to date, those have not been provided in a format that is credible or reliable.

As previously mentioned the Xfinity phone records that were produced by Plaintiff were redacted and provided no information that would authenticate the records were

---

[6] Pursuant to ECF 53 and ECF 54, Magistrate Judge Green granted Defendants' Motion to Compel and ordered that the cellular devices and related cloud storage of Plaintiff Lori Lynn Heethuis and her husband Damon Heethuis shall be produced for inspection as they are relevant to the allegations of the Complaint.

produced by Xfinity. Due to the lack of credibility of the records, on December 7, 2020, through Records Deposition Service, Defendants subpoenaed Plaintiff and her husband, Damon Heethuis' Xfinity cell phone records. Mr. Heethuis is the Xfinity accountholder and has interfered with Defendants efforts to obtain the Xfinity records. Pursuant to the Cable Act, when Xfinity receives a subpoena, even with a notarized authorization, Xfinity must contact the account holder in order to verify their account information. Only upon verification by the accountholder, can the records be released to a third party. If verification cannot be obtained, the third party must obtain a court order to release the records. Plaintiff's husband, Damon Heethuis, is the Xfinity accountholder for both of their phone records and failed to verify his account with Xfinity. Therefore, Xfinity was unable to produce the necessary records to Defendants. Defendants were informed of this on February 17, 2021. **Ex. 9.**

Instead, Xfinity released Mr. Heethuis' phone records to him on a disc on December 23, 2020. It wasn't until February 15, 2021, the day discovery closed, when Plaintiff's counsel produced Mr. Heethuis' phone records. **Ex. 10.** The phone records that were produced make no indication that the records are complete or that the records even came from Xfinity. *Id.* There are no page numbers on the records or any information verifying the records are from Xfinity. A request for a copy of the Xfinity disc was made to Plaintiff's counsel, however, to date, no response or acknowledgment of the request has been made.

13

Defendants requested Plaintiff's Xfinity phone records from November 2017 through May 2019 and her husband's from January 2019 through May 2019. These records are crucial in determining the veracity of Plaintiff's statements, regarding the allegations of her Complaint. <u>Lastly, it also crucial to obtain the Xfinity phone records, specifically in the month of February 2021, to determine when Plaintiff's cell phone actually became inoperable.</u>

Due to Plaintiff's husband's interference with our efforts to obtain the Xfinity phone records, coupled with Plaintiff's failure to produce an operable cell phone and accurate cloud account credentials, Defendants ask this Court to enter an Order to Xfinity requiring the production of itemized phone records from Damon Heethuis' Xfinity account for both his and Plaintiff's phone records.

## **RELIEF REQUESTED**

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, request that this Court:

1) Order Plaintiff to produce her cell phone within one (1) day of this Court's order (via Overnight Shipping), so that N1 Discovery can attempt to reset the device to obtain the data which she was ordered to produce and obtain the requested data her phone and also so that they can look for water damage;

2) Order Plaintiff to keep and preserve her cell phone until further court order;

3) Order the production of itemized phone records from Damon Heethuis' Xfinity account for both his and Plaintiff's phone records for the dates of March 24, 2019, April 17, 2019 and the month of February 2021; and

4) Award Defendants the costs incurred in bringing this motion. FRCP 37 (b)(2)(C).

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH
& AMTSBUECHLER, P.C.

/s/ Melanie M. Hesano
Laura S. Amtsbuechler (P36972)
Melanie M. Hesano (P82519)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com

Date: February 25, 2021

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on February 25, 2021 by E-file.

Signature: s/Julie Doll

15