UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

-vs-

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-00940

HON:  PAUL L. MALONEY

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR
SUMMARY JUDGMENT EXHIBITS UNDER SEAL**

1

Defendants, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, bring this Motion for Leave to File Exhibits to its Motion for Summary Judgment Under Seal pursuant to W.D. Mich. LCivR 10.6 and for the reasons stated in the attached brief in support. For the reasons detailed in the attached Brief in Support, Defendants request that this Honorable Court GRANT this Motion.

Counsel requested concurrence with regard to this Motion on several dates including March 4, 2021 and Plaintiff concurred. However, this motion this necessary pursuant to W.D. Mich. LCivR 10.6.

>Respectfully submitted,
>
>ROSATI, SCHULTZ, JOPPICH
>& AMTSBUECHLER, P.C.
>
>
>Laura S. Amtsbuechler (P36972)
>Melanie M. Hesano (P82519)
>Attorney for Defendants
>27555 Executive Drive, Ste. 250
>Farmington Hills, MI 48331
>(248) 489-4100
>lambsbuechler@rsjalaw.com
>mhesano@rsjalaw.com

DATED: March 4, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI LYNN HEETHUIS,

    Plaintiff,

-vs-

COUNTY OF MUSKEGON; and,
RYAN BOIKE, Individually,

    Defendants.
_____/

Case No. 1:19-cv-00940

HON:  PAUL L. MALONEY

STEPHEN R. DREW (24323)
ADAM C. STURDIVANT (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue, NW, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
sdrew@dca-lawyers.com
asturdivant@dca-lawyers.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
LAURA S. AMTSBUECHLER (P36972)
MELANIE M. HESANO (P82519)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@rsjalaw.com
mhesano@rsjalaw.com
_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT EXHIBITS UNDER SEAL**

1

# **TABLE OF CONTENTS**

Index of Authorities ……………………………………………….. ii

Statement of Facts ………………………………………………. 1

Standard of Review …………………………………………………… 4

Argument

I.      Pursuant to the Privacy Interests of Non-Party Litigants, and the Security
        of the Muskegon County Jail, Exhibits 16, 25 and the Control Room
        Diagram or Internal Jail Photos if Used Should be Filed Under Seal
        and the Summary of Discipline Should be Filed Under Seal as per MCL
        750. 539c pending  a ruling on the allegation of Eavesdropping. ……..5

II.     Pursuant to Health Insurance Portability and Accountability Act
        ("HIPAA") 42 U.S.C. §§ 1320 and good cause related to confidential
        mental health documents, Exhibit 10 should be Filed Under Seal. ….. 6

Conclusion …………………………………………………………8

# INDEX OF AUTHORITIES

## Cases

*Brown &Williamson*, 710 F.2d at 1179 ...................................................................4
In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983) ...................5
Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978)...........................................4
Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996)
    (quoting Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n, 710 F.2d
    1165, 1177 (6th Cir. 1983)) .................................................................................4

## Statutes

42 U.S.C. §§ 1320d to d-8 ...................................................................................2, 7
MCL 750. 539c ......................................................................................................3, 6
MCL 750.539e .......................................................................................................3, 6

## Rules

W.D. Mich. LCivR 10.6............................................................................................4
W.D. Mich. LCivR 10.6(a) .......................................................................................5
W.D. Mich. LCivR 10.6(b).......................................................................................4

## STATEMENT OF FACTS

Plaintiff Lori Lynn Heethuis is a former employee with the Muskegon County Sheriff's Office where she worked as a Deputy Corrections Officer at the Muskegon County Jail.  [Doc. 1, PgID 4, ¶9].  Plaintiff makes allegations about purported gender discrimination (Counts I & IV), retaliation (Count III & VI), and eavesdropping (Count VIII).[1]

The parties have engaged in a substantial amount of discovery, which has included several depositions and the exchange of voluminous records. Defendants have produced documents that are confidential in nature which include sensitive business and personal information of parties and non-parties, specifically, but not limited to: document related to correction officer discipline, fitness for duty exams and documents related to the internal operations of the Muskegon County Jail and Sheriff's Office including Sheriff's policies, procedures, and jail diagrams. Public access to documents of this nature would jeopardize the security of the jail and would do substantially more harm than good.

Furthermore, the parties have exchanged documents related to Plaintiff's fitness for duty evaluations.  These records contain what Plaintiff has asserted to be confidential medical/psychological information about Plaintiff's diagnosis,

---

[1] The parties entered a stipulated order of partial dismissal, dismissing Counts II, V, and VII. [ECF 23].

medical/psychological conditions, mental state, and medications. There is no need for public access to the detailed medical/psychological information revealed in the fitness for duty evaluations. To the extent that the fitness for duty may contain HIPPA protected information, the privacy of medical records is consistent with Health Insurance Portability and Accountability Act ("HIPAA") 42 U.S.C. §§ 1320d to d-8 and that it constitutes good and sufficient reason to prevent public disclosure of these records. To the extent that the fitness for duty documents do not contain HIPPA a protected content, good cause otherwise exists for protection of details regarding confidential mental health information. It should be noted that Defendant does not seek to file under seal any and all testimony or reference to the fitness for duty exam or the general results. Rather, Defendants seek to file under seal the reports and related documents.

    For these reasons, Defendants respectfully request that the Court allow the parties to file, under seal, any exhibits that disclose discipline or fitness for duty records/ documents related to discipline or fitness for duty exams of deputies or corrections officers, the Sheriff's Office policies, procedures and diagrams of the jail, as well as documents and reports related to Plaintiff's fitness for duty evaluations. Each of the listed exhibits have been designated "Confidential Information" pursuant to the Protective Order filed in this case. [ECF 25].

During the 2019 disciplinary process, Undersheriff Sanford prepared a summary of discipline which contains a loose transcription of the phone call which plaintiff alleges to have been obtained through Eavesdropping in violation of MCL 750. 539c. See Plaintiff's Count VIII [ECF 1], Page ID 15-16 As addressed in the Motion for Summary Judgment, Defendants deny eavesdropping. However, Defendant's request that this summary of discipline be filed under seal, so as to avoid an allegation of violating of MCL 750.539e which prohibits divulgence of a statement obtained through eavesdropping.

Specifically, Defendants seek to file the following exhibits to Defendants' Motion for Summary Judgment under seal:

1. Exhibit 10—Documents related to Plaintiff's December 2017 Fitness for Duty evaluation;

2. Exhibit 16— Sheriff's Office Policies;

3. Exhibit 25—Other Discipline and Last Chance Agreements of non-party deputies;

4. Control room diagram or internal jail photos, if filed as an exhibit by either party; and

5. Exhibit 23a, the 2019 summary of discipline prepared by Undersheriff.

## STANDARD OF REVIEW

Pursuant to the Protective Order filed in this case, ECF 25, if a party seeks to use or file any documents and deposition transcripts containing or reflecting Confidential Information with the Court, said party shall notify the designating party and afford it no less than three (3) business days to file a joint motion complying with W.D. Mich. LCivR 10.6 for leave to seal pursuant to W.D. Mich. LCivR 10.6 and applicable law. Documents may be submitted under seal only if authorized by statute or by the court for good cause shown. W.D. Mich. LCivR 10.6(b).

It is well-established that a district court has "supervisory power over its own records and files," which includes the power to determine whether court documents should be accessible to the public. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal documents, however, "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Exceptions deemed adequate to justify non-disclosure of documents include preservation of a defendant's right to a fair trial, privacy rights of the litigants and third parties, trade secrets, and national security. *Brown & Williamson*, 710 F.2d at 1179. "Only the most compelling reasons can justify non-disclosure of judicial

records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). This presumption is embodied in this district's Local Rule 10.6, which provides that "the filing of documents under seal should be the exception" and "is to be limited to information that is truly proprietary or confidential." W.D. Mich. LCivR 10.6(a).

## ARGUMENT

I.  **Pursuant to the Privacy Interests of Non-Party Litigants, and the Security of the Muskegon County Jail, Exhibits 16, 25 and the Control Room Diagram or Internal Jail Photos if Used Should be Filed Under Seal and the Summary of Discipline Should be Filed Under Seal as per MCL 750. 539c pending a ruling on the allegation of Eavesdropping.**

Defendants have exchanged personnel and disciplinary files of non-party deputies, subject to the protective order. [ECF 25]. Specifically, Defendants have produced disciplinary records of non-party deputies who were given similar disciplinary reprimands as Plaintiff, as well as were presented with similar last chance agreements. These documents are confidential in nature and are not considered public records. The privacy interests in a non-party's disciplinary documents constitutes a compelling interest which would outweigh the First Amendment public right of access. Defendants respectfully request that the Court allow them to file, under seal, Exhibit 25.

The control room diagram or photos of the control room of Muskegon County Jail, as well as the Sheriff's Office policies, Exhibit 16, were produced pursuant to the protective order filed in this case. Public access to a diagram or photos of this

5

nature as well as the Sheriff's Office policies would jeopardize the security of the jail. Public access would do substantially more harm than good. The security of the jail constitutes a compelling interest which would outweigh the First Amendment public right of access. Defendants respectfully request that the Court allow the parties to file, under seal, the control room diagram or photos of the control room or internal jail diagrams or photos as well as the Sheriff's Office policies, Exhibit 16. During the 2019 disciplinary process, Undersheriff Sanford prepared a summary of discipline which contains a loose transcription of the phone call which plaintiff alleges to have been obtained through Eavesdropping in violation of MCL 750. 539c. See Plaintiff's Count VIII [ECF 1], Page ID 15-16 As addressed in the Motion for Summary Judgment, Defendants deny eavesdropping. However, Defendant's request that this summary of discipline be filed under seal as Exhibit 23a, so as to avoid an allegation of violating of MCL 750.539e which prohibits divulgence of a statement obtained through eavesdropping.

    II.    **Pursuant to Health Insurance Portability and Accountability Act ("HIPAA") 42 U.S.C. §§ 1320 and good cause related to confidential mental health documents, Exhibit 10 should be Filed Under Seal.**

The production of Plaintiff's medical/psychological records related to her fitness for duty evaluation are relevant to support and defend Plaintiff's allegations. The fitness for duty evaluations reports and materials, as well as Undersheriff Sanford's letter to psychologist, Dr. Auffrey regarding Plaintiff contain confidential

information about her diagnosis, medical conditions, mental state, and current medications.

There is no need for public access to the detailed information revealed in the fitness for duty evaluations. The privacy of medical records is consistent with Health Insurance Portability and Accountability Act ("HIPAA") 42 U.S.C. §§ 1320d to d-8 and that constitutes good and sufficient reason to prevent public disclosure of these records. To the extent that the material is not protected by HIPPA, there is good cause to treat it as confidential due to its content. Defendants request that all documents or records related to Plaintiff's psychological fitness for duty exam, specifically Exhibit 10, related to Plaintiff's fitness for duty be sealed in order to abide by Plaintiff's request that these not be publicly disclosed.

For these reasons, Defendants' also request that any material related to the identity of any non-party Sheriff's deputies/Corrections Officers who may have been sent for a fitness for duty exam, or any records related to the exams, should be protected and filed under seal if referenced.

Defendants do not contest Plaintiff's request to file her mental health or medical documents under seal. However, these records have not yet been identified with the specificity needed to include reference in this motion.

7

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court GRANT this Motion and that Defendants' be allowed to file Exhibits 10, 16, 23a and 25 under seal; that internal jail photos or diagrams used by either party be filed under seal, and that the Court award any other, further relief that it finds to be fair, just and equitable.

                                              Respectfully submitted,

                                              ROSATI, SCHULTZ, JOPPICH
                                              & AMTSBUECHLER, P.C.

                                              /s/Melanie M. Hesano
                                              Laura S. Amtsbuechler (P36972)
                                              Melanie M. Hesano (P82519)
                                              Attorney for Defendants
                                              27555 Executive Drive, Ste. 250
                                              Farmington Hills, MI 48331
                                              (248) 489-4100
                                              lambsbuechler@rsjalaw.com
Dated:  March 4, 2021                 mhesano@rsjalaw.com

## PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on March 4, 2021.

BY: ☐ U.S. Mail    ☐ Telefacsimile

      ☐ Hand Delivered ☐ Overnight Couurier

      ☐ Federal Express ☒ Other: *E-filing*

Signature:    /s/ Julie Doll

8